### RAYMOND CONCRETE PILE CO. et al. v. FRANCIS et al.

No. 22167. Opinion Filed Sept. 22, 1931.

James C. Cheek, Albert L. McRill, and Ray Teague, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

HEFNER, J. This is an original proceeding in this court by Raymond Concrete Pile Company and General Accident Fire & Life Assurance Corporation to review an award of the Industrial Commission awarding compensation to H. R. Francis.

It appears that, on the 7th day of December, 1930, claimant, while in the employ of petitioner, suffered an injury to his back and left hip caused by lifting steel piling. Claimant was paid compensation by petitioners at the rate of $14.49 per week for a period of approximately five weeks, at which time payments were discontinued.

On January 26, 1931, claimant filed a motion before the Industrial Commission to determine extent of liability. The Commission found that, by reason of the injuries complained of, claimant suffered temporary total disability, and awarded him compensation at the rate of $15.39 per week from December 7, 1930, to February 21, 1931, and ordered that the weekly payments continue until further order of the Commission.

Petitioners contend that the award is erroneous, because claimant had completely recovered from his injuries, and because there is no evidence which sustains the finding of the Commission as to continuing dis-

ability. It is conceded that claimant received an injury as contended by him. The only question at issue is as to the extent thereof. Claimant testified that at the time of the hearing he was still suffering from the injury and unable to work. Dr. Shaw testified that he examined claimant on the 10th day of February, 1931, and found him suffering from an injury to his back, and that he was at that time unable to do manual labor. Other physicians testified that claimant had completely recovered from the effect of his injuries and that in their opinon he was able to do ordinary work. It will thus be seen that the evidence is conflicting. This conflict was resolved in favor of claimant by the Industrial Commission, and we are bound thereby.

Petitioners further contend that the Commission erred in ordering them to pay compensation after February 21, 1931, for the reason that it made no finding of fact that claimant was or would be thereafter disabled. The Commission found that claimant, by reason of the injuries, was temporarily totally disabled from the date of the accident to the date of the hearing, which was February 21, 1931, and awarded him compensation at the rate of $15.39 per week until further order of the Commission, and also ordered that claimant receive further medical attention.

Dr. Shaw testified that he thought it would be advisable for the claimant to receive further medical treatment. He further testified that, in his opinion, the claimant would have some permanent disability and at the time of the hearing it was too early to tell the degree. On a change of condition either party can move to have the compensation increased or diminished.

We think the evidence is sufficient to support this portion of the award, and we do not think it should be vacated in this respect because the Commission failed to make a specific finding of fact as to continuing disability.

The petition to vacate the award is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

ANDREWS, J., absent.

Note.—See under (1) 28 R. C. L. 837, 828; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation Acts, § 116.