### RAYMOND CONCRETE PILE CO. et al. v. FRANCIS et al.

No. 23323. Opinion Filed Oct. 18, 1932.

Rehearing Denied Nov. 22, 1932.

Jas. C. Cheek, Roy Teague, and Frank E. Lee, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

CLARK, V. C. J. This is an original action filed in this court by Raymond Concrete Pile Company and General Accident Fire & Life Assurance Corporation, petitioners, to review an award of the State Industrial Commission made and entered on the 28th day of December, 1931, in favor of respondent herein, Homer P. Francis, wherein the Industrial Commission found that respondent was on the 7th day of December, 1930, in the employ of Raymond Concrete Pile Company, petitioner herein, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law; and that on said date claimant (respondent herein) sustained an accidental injury to his back and hip, arising out of and in the course of his employment, and that the average wage of claimant, at the time of the injury, was $4 per day.

That by reason of said injury, respondent was temporarily totally disabled, and at this time is still totally disabled, from the performance of manual labor, and further, that said respondent is entitled to temporary total disability from December 7, 1930, to February 21, 1931, beyond the five-day waiting period, which has been paid, and that respondent is entitled to 43 weeks' and two days' compensation at the rate of $15.39 per week from February 21, 1931, to December 21, 1931, on account of temporary total disability, and that compensation should be continued at the rate of $15.39 per week until further order of the Commission, and to tender respondent further medical aid, if necessary, and ordered payment made for said period of time above specified and to continue such compensation until the further order of the Commission, and ordered all medical bills be paid and to tender claimant such further hospital treatment as necessary.

An order was made on the 23rd day of February, 1931, by the State Industrial Commission, awarding the respondent temporary total disability and ordered that payments continue until the further order of the Commission, from which award of the Commission the petitioners herein appealed to this court, which appeal was affirmed on the 22nd day of September, 1931, as shown in 151 Okla. 211, 3 P. (2nd) 181.

That thereafter, and on the 3rd day of October, 1931, the petitioners herein filed their motion to have the case set for hearing to determine the extent of respondent's disability, if any, subsequent to February 21, 1931, and upon said motion a hearing was had, in which the order and award of December 28, 1931, was made, and from which award the petitioners have filed this original action for review thereof.

The petitioners have presented their as- February, 1931, by the State Industrial tions.

Proposition No. 1.

"A disease contracted subsequent to injury (not connected with or proximately caused by injury) causing disability, prolongation or aggravation of injury is not compensable, and an award made thereon by the Industrial Commission is erroneous."

The record discloses that the claimant below testified that since the hearing in February, 1931, upon which a continuing order was made and appeal taken to this court and affirmed, he could not see much difference in the condition of his back. That he had taken treatments and felt better during the time of taking the treatments, and after the treatments were discontinued that he got worse, and that he has been unable to work since the accident. That he is unable to elevate his left leg without severe pain. That he has been in the hospital and in bed quite a lot of the time.

Dr. C. C. Shaw testified for respondent that he first examined the claimant on February 10, 1931, prior to the previous award of the Industrial Commission, and had again examined the claimant on October 23, 1931, and that it was his opinion that the claimant is in need of treatment

and should continue treatment indefinitely, and respondent herein has been totally incapacitated for work since the first examination in February and that his condition is worse in this respect—

"Apparently he cannot sit, stand or lie in a natural position. He has to keep turning his position. It is rather difficult to examine him. He cannot lie or sit still. * * * Q. Is it your opinion that on account of his back injury he is incapacitated at this time for manual labor? A. Yes."

The doctor further testified that the claimant below has total disability to do manual labor as result of the injury, and that his back condition is due to the injury and that he has enough disability in the back for him to be totally disabled.

There is evidence in the record that the respondent herein has developed an infection in the jaw, and Dr. C. C. Shaw testified that it may be a contributing factor to his present condition, but that he did not think it was; that he could not say that it had nothing to do with his back condition.

The claimant testified with reference to the development of his jaw injury as follows:

"Q. How long have you had this jaw injury? A. The first time I remember anything about it was the evening before I got hurt the next morning. Q. Do you know whether or not you had any trouble with your teeth and mouth before you had this accident? A. No. Q. You don't know whether or not your mouth was in perfect condition prior to the time you received the accident or not? A. It never did give me any trouble; I did not have any pain."

Dr. LeRoy Long testified for. the petitioners herein that he had examined the claimant, respondent herein, on October 27, 1931, and that he found on examination that the right side of his face was swollen, red and tender and fluctuated, and there was swelling all along the right side of the jaw and chin, and several discharging places about the chin on the right side, that the infection of his jaw was chronic, that he had had it for several months. That the contour of the back was pretty good with the exception there was a little shifting of the trunk towards the left. That the movements of the back were carried out with some difficulty, complaining of pain, and there was a tenderness over the lower part of the back and above the left hip when percussion was made. That he had fever and that kept up the back trouble. That he would attribute the pain in the back or a greater portion of it to the diseased condition of the jaw. That anyone who sustains an injury to his back, a strain or injury, if he had a foci of infection, it would prolong his disability. That he would not say that the injury he received did not have anything to do with the disability he has suffered. That he should have an operation for the jaw condition. That if he was hurt, it would contribute to the pain in the back. He thinks it very doubtful that he would have pain in the back without the infection. That if he had the disease of the jaw at the time of the injury, the injury would contribute to it. The doctor further testified as to his ability to do manual labor at this time as follows:

"Q. Is he able to do manual labor? A. No, he is not able to do anything."

We are of the opinion that there is competent evidence supporting the order and award of the Commission that the claimant is still temporarily totally disabled from the performance of manual labor by reason of the injury to his back received December 7, 1930.

Proposition No. 2.

"An order and award by the Industrial Commission to tender and furnish additional medical treatment for a disease (not connected with or proximately caused by injury) contracted subsequent to injury causing disability, a prolongation or aggravation of injury, is erroneous."

The order and award of the Industrial Commission was:

"And to tender claimant such further medical and hospital treatment as is necessary."

Dr. Shaw testified that the claimant should continue physiotherapy, diathermy treatment indefinitely, and should continue treatment for the condition of his jaw—

"The examination shows he has osteomyelitis of the jaw. That, in all probability, might be having something to do with his back condition. I do not know that it does, but assuming it might have some effect on the condition of his back, and if that cleared up and he was continued to give physiotherapy treatments, with an attempt to do a sacroiliac reduction, there is a likelihood there would be improvement. I do not know that there will be, but I would recommend that."

Dr. LeRoy Long testified that:

"If he had a foci of infection, it would prolong his disability. It would work both ways. If he had infection and got hurt it would make the injury worse. It is quite possible and always probable. * * * I think the injury would contribute to it, if he had osteomyelitis at the time of the injury."

Where a germ disease contracted subsequent to an injury causes a continuation of the disability caused by the accident, then the proper treatment of the injury caused by the accident would be to destroy the germ disease preventing recovery, and the Industrial Commission was authorized to order such medical treatment as would result in the ultimate recovery and cure of the disability caused by the accident.

### Proposition 3.

"An order or award by the Industrial Commission directing the payment of all medical bills is erroneous without a finding of fact by the Industrial Commission that the same are reasonable."

The record discloses that the claimant, feeling in need of further medical treatment, requested the same of petitioners and was refused, and thereafter secured through his attorney medical treatment. Stipulation was entered into at the hearing as follows;

"It is stipulated by and between the parties that notice of hearing be waived at this time and it is agreed that the doctor's bill may be heard."

And proof was thereupon taken as to the reasonableness of the bill. The petitioners state in their brief:

"We are questioning the reasonableness of it."

The petitioners contend that the failure of the Industrial Commission to designate in their order the payment of certain medical bills, naming the doctor entitled thereto, and stating whether or not the charges thereon are reasonable, that the award relative to the medical bill should be remanded and the Commission directed to correct the order for the medical bill and state therein whether or not the charge made for services rendered was, in their opinion, reasonable.

The fact that hearing was had before the Commission upon the reasonableness of the medical bill, the order of the Commission made thereon, "that all medical bills be paid," was a sufficient finding and order of everything necessary to be found to sustain the same, and was a finding as to the reasonableness of the bill upon which the hearing was had.

Judgment and award of the Industrial Commission affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.