**ASPLUNDH TREE EXPERT COMPANY and Aetna Casualty and Surety Company, a corporation, Petitioners,**

v.

**James Gilbert HARDESTY and State Industrial Commission, Respondents.**

No. 36923.

Supreme Court of Oklahoma.

March 13, 1956.

Covington & Donovan, Tulsa, for petitioners.

Burt, Seigel & Franklin, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding brought by petitioners, Asplundh Tree Expert Company and its insurance carrier, the Aetna Cas-

ualty and Surety Company, to review an order of the State Industrial Commission to pay certain medical expenses of the respondent, James Gilbert Hardesty, hereinafter referred to as claimant.

The claimant admittedly sustained a compensable injury to his spine while in the employ of petitioner which paralyzed his lower extremities and rendered him totally and permanently disabled. As a result of the injury he was hospitalized and treated at the expense of the petitioners for several months, after which he was discharged from the hospital and entered a vocational rehabilitation school. A short time thereafter, and while he was still under observation but not undergoing treatment, claimant contracted a fungus disease commonly referred to as athlete's foot, which spread entirely over that portion of his body which was affected by the paralysis.

On advice of the attending physician, but without authorization from petitioners, claimant was again admitted to the hospital for treatment of this disease and incurred expense therefor in the amount of $508.15 to the hospital and $100 to the attending physician.

Petitioners contend that the Commission was without authority to order that this additional medical expense be paid by the petitioners.

Under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., an employer subject to its provisions is required to furnish medical treatment to an employee who has sustained an injury arising out of and in the course of his employment. It has been held that an employer is liable for all the legitimate consequences of a compensable injury, including complications which may arise from the treatment administered for the injury. Western Oil Drilling Co. v. Snow, 185.Okl. 545, 94 P.2d 902; Alexander v. Von Wedel, 169 Okl. 341, 37 P.2d 252.

It has also been held that where a germ disease, contracted subsequent to an injury, prevents recovery from the injury, the Commission has authority to order such treatment as would result in the ultimate recovery and cure the disability caused by the injury. Raymond Concrete Pile Co. v. Francis, 160 Okl. 130, 16 P.2d 235.

 In the instant case there is no evidence that the fungus disease contracted by the claimant was a legitimate consequence of the injury he sustained or that it prevented recovery from that injury. The only evidence touching upon the issue was in a medical report submitted by one of the attending physicians wherein he stated that he saw no connection between the disease and the traumatic injury to the spine.

In the absence of any evidence to show a connection between the injury and the disease contracted subsequent to the injury, the petitioners should not be called upon to pay for services rendered in the treatment of the disease.

We conclude that the Commission was in error in directing petitioners to pay the hospital bill in the sum of $508.15 and the physician's bill in the sum of $100.

The award in this respect is vacated and in all other respects is sustained.