Glen E. HILL, Petitioner,

v.

CULLIGAN SOFT WATER SERVICE COMPANY, Ohio Casualty Comany, and State Industrial Court, Respondents.

No. 40995.

Supreme Court of Oklahoma.

Dec. 21, 1965.

See also Okl., 386 P.2d 1018.

Schwoerke & Schwoerke, by K. J. Schwoerke, Oklahoma City, for petitioner.

George E. Fisher, Oklahoma City, for respondents.

HALLEY, Chief Justice.

On January 25, 1962, Glen E. Hill, hereinafter referred to as petitioner, filed a claim for compensation before the State Industrial Court against the Culligan Soft Water Service Company and its insurance carrier, Ohio Casualty Company, hereinafter referred to as respondents, wherein petitioner stated that he sustained an accidental personal injury to his back on February 14, 1961, arising out of and in the course of his hazardous employment with Culligan Soft Water Service Company, which was a partnership composed of the petitioner and his wife.

The record shows that petitioner had two previous compensable injuries to his back of a serious nature, and that at the time of the injury here concerned he was drawing compensation for total and permanent disability. In the instant proceeding before the State Industrial Court, petitioner asked only for the payment of medical bills growing out of the said accident of February 14, 1961. A hearing was held on petitioner's claim on March 22, 1962. Petitioner was the only witness before the trial judge. He testified as to the details of the accident and the injury which resulted from it, and introduced in evidence a medical report which plainly and unequivocally attributed the injury to the accident. This was the only medical report admitted in evidence at the said hearing. Petitioner was treated or examined by three doctors and was hospitalized twice after the said accident. It was conceded, however, that he obtained the said medical treatment and hospitalization on his own initiative, and that such was not authorized by the insurance company.

The trial judge entered an order in effect finding that petitioner had sustained an accidental personal injury arising out of and in the course of his hazardous employment; that as a result of the accident he was temporarily totally disabled; that he was not entitled to any compensation for the injury under the circumstances, but that respondents should pay all reasonable and necessary medical expenses.

On appeal to the State Industrial Court en banc, the order of the trial judge was

vacated and an order denying any award was made, based on the following finding:

"That claimant did not sustain an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on February 14, 1961, as alleged in his form 3 filed herein."

The claim was subsequently brought to this Court for review, Hill v. Culligan Soft Water Service Company, Okl., 386 P.2d 1018, and we held that the finding that there was no accidental personal injury was not supported by any competent evidence, and vacated the State Industrial Court's Order on Appeal. Thereafter, on February 10, 1964, a second hearing was conducted before a trial judge of the State Industrial Court. At this hearing petitioner submitted his claim on the evidence theretofore taken, and current medical reports of Dr. W.L.W., dated February 4, 1964, and Dr. E.D.M., dated August 6, 1963. Respondents submitted a medical report of Dr. J.J.M., dated February 5, 1964, and all the orders entered and medical reports submitted in petitioner's prior claims before the State Industrial Court.

At the conclusion of that hearing, and on March 17, 1964, the trial judge entered an order finding that petitioner sustained an accidental personal injury, arising out of and in the course of his employment on February 14, 1961, consisting of an injury to his back; that petitioner was temporarily totally disabled as a result of said injury; that he was entitled to no temporary total compensation by reason of said injury, but that respondents should pay all reasonable and necessary medical treatment expenses incurred by reason of said injury. On appeal to the State Industrial Court en banc, the order of the trial judge was modified to show that the "medical secured by and on behalf of claimant was necessitated by previous condition and not by accidental personal injury as found by the trial judge", and denied compensation. It is from this order that petitioner brings this appeal.

On review in this Court, petitioner argues two propositions. His second proposition is that: "The record reveals no evidence to support the Court's order that the medical treatment and surgery secured by and on behalf of the claimant was necessitated by previous condition and not pursuant to the accidental personal injury of February 14, 1961". This argument must be sustained.

In Akers Auto Salvage v. Waddle, Okl., 394 P.2d 452, 454, this Court said:

"Under Section 14 injured claimants are entitled to such medical care, surgical attendance and treatment as the Industrial Court may determine necessary. This determination, of necessity, is a question of fact for the Industrial Court. * * *"

In the second paragraph of the syllabus in Asplundh Tree Expert Company v. Hardesty, Okl., 294 P.2d 830, we held:

"An award of the State Industrial Commission based upon a finding of fact which is unsupported by any evidence will be vacated upon review by this court."

The only professional medical evidence offered or introduced by respondents at the second hearing before the trial judge was a report of Dr. J.J.M., dated February 5, 1964, and all the medical reports submitted in petitioner's prior claims before the State Industrial Court. The latter medical reports were introduced by respondents for the purpose of showing that the petitioner had been treated for recurrent back pain and trouble for over a period of years. However, these medical reports do not establish, as a matter of law, that the medical secured by and on behalf of the petitioner in 1961 and thereafter was necessitated by a previous condition. We think that Star Printery Company v. Pitman, Okl., 376 P.2d 291, is in point here, where at page 294 of that opinion we stated:

"The similarity, or even identity, of symptoms manifesting themselves after each of two successive injuries does not establish, as a matter of law, that the

disability from the second episode was in truth and in fact but a recurrence of the first injury. Notwithstanding such resemblance, the question remained essentially one of science and must be resolved, as any other disputed issue of causation, from the expert testimony adduced."

Dr. J.J.M. stated in his report of February 5, 1964, that he examined petitioner for the respondents on February 3, 1964, and concluded his report as follows:

"After examining this patient now, and having the opportunity of reviewing my previous examination of this man in 1959, including x-rays taken at that time, and examining other medical reports of his previous cases as well as my own clinical records, and also the evidence of the previous hearing on this case, and also the result of the present examination, including x-ray findings, it is my considered opinion, that *his present condition* is the result of previous injuries prior to February *13*, 1961, and that he is now suffering from conditions which in my opinion, are recurrent from his 1949 and 1958 injuries." (Emphasis added.)

Petitioner argues that this report was not responsive to the issue. We agree. The examination was made on February 3, 1964, almost three years after petitioner's accidental personal injury of February 14, 1961. The report of Dr. J.J.M. simply stated that petitioner's "present condition" was the result of injuries sustained prior to the accident upon which this claim is based. This is consistent with a prior report of Dr. J.J.M., dated April 3, 1959, which was prior to petitioner's accidental personal injury of February 14, 1961, where he stated:

"As a result of the combination of his 1949 accident and his 1958 accident and the material increase thereof, it is my opinion that this patient has a 90% permanent partial disability to the body as a whole for the performance of ordinary manual labor. I do not

feel that he is capable of performing ordinary manual labor".

The report of Dr. J.J.M., dated February 5, 1964, does not touch upon the issue of whether or not the medical secured by and on behalf of petitioner during 1961 and thereafter was necessitated by his accidental personal injury of February 14, 1961.

■ Respondents argue and we are aware of the well-established rule that an order of the State Industrial Court based upon findings of fact will be sustained if there is any competent evidence reasonably tending to support such finding. Respondents also cite Sanders v. State Industrial Commission, Okl., 331 P.2d 478; Moss v. State Highway Department, Okl., 393 P.2d 489; Kier v. Burton, Okl., 385 P.2d 489; In re Ware (Ware et al. v. Wilson and Company et al.), Okl., 322 P.2d 204; Star Printery Company v. Pitman, supra; White v. Hale-Halsell Co., et al., Okl., 265 P.2d 470; Tillery & Jones et al. v. Sigler et al., Okl., 265 P.2d 484; and Hall v. Howard Johnson of Oklahoma, Inc., Okl., 297 P.2d 560, as authority for the above-stated rule. But here, we are of the opinion that the report of Dr. J.J.M., dated February 5, 1964, in its present form, furnishes no evidence for the State Industrial Court's finding.

We conclude that the order appealed from, finding that the "medical secured by and on behalf of claimant was necessitated by previous condition and not by accidental personal injury as found by the trial judge", is not supported by competent evidence.

Petitioner, on the other hand, introduced the report of Dr. W.L.W., dated March 22, 1962, which was in part as follows:

"This patient was injured in a truck accident when the front springs of the vehicle broke in two and dropped the front end of the truck down at which time he suffered a severe jolt and pain in his lower back.

*"This injury required surgery.* A spinal fusion of L–4, L–5 was done on

the 9th day of January. A pseudo-arthrosis of the old spinal fusion was found. It is my opinion this was caused by the injury of February, 1961." (Emphasis added.)

This report of Dr. W.L.W., dated March 22, 1962, was also a part of the record considered in Hill v. Culligan Soft Water Service Company, supra, where at page 1021 of that opinion in 386 P.2d, we stated:

"* * * In the instant case, the only medical evidence in the record unequivocally attributes claimant's condition to the accident upon which his claim is based. There is no medical evidence at all that it was due to the old injury. Such being true, we conclude that there is no conflicting evidence in the case before us, and the rules cited by respondents are not applicable.

}. "This is not a claim for medical expenses based upon a change of condition subsequent to a final award for total and permanent disability, Oklahoma Planning and Resources Board v. Herren, Okl., 341 P.2d 599, but is a claim for required medical services resulting from a new and independent accident and injury occurring subsequent to the former award. The briefs of the parties and the order of the Industrial Court do not disclose any jurisdictional reasons why medical services are not authorized under the facts presented in this case."

Thus in the instant case, the medical evidence in the record unequivocally attributes petitioner's medical treatment and hospitalization to the accident upon which his claim is based. There is no medical evidence at all that it was due to an old injury. The order of the State Industrial Court is therefore vacated with directions to set the matter for hearing to determine the reasonable and necessary medical, surgical and hospital bills and expenses incurred by petitioner by reason of his accidental personal injury of February 14, 1961, in accord with the views herein expressed.

JACKSON, V. C. J., and BERRY, HODGES, and LAVENDER, JJ., concur.

DAVISON, WILLIAMS, BLACKBIRD and IRWIN, JJ., dissent.