SPECIAL INDEMNITY FUND
v. BENNETT et al.

No. 32483.   Dec. 9, 1947.

*187 P. 2d 991.*

Mont R. Powell and Don Anderson, both of Oklahoma City, and R. W. Higgins, of McAlester, for petitioner.

J. W. Murphy, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J.   This is an original action brought by Special Indemnity Fund, to review an award made against it in favor of Curtis C. Bennett, claimant, under the provisions of Title 85, ch. 8, S. L. 1945, p. 417, O. S. Cumulative Suppl. 1947, Title 85, sec. 172.   At the time the award was made against

506

the Special Indemnity Fund, the commission also made an award in favor of claimant against him employer, R. M. Fry Lumber Company, which award was thereafter settled by the claimant and employer on a joint settlement agreement. This leaves for consideration only the award made against Special Indemnity Fund.

Claimant received his last injury on May 14, 1945. He had previously, in 1927, lost the sight of his right eye as the result of an accident, and at some time thereafter had received an injury to one of his hands, so that he was at the time of the last injury a physically impaired person, and under the provisions of the 1945 Act was entitled to receive compensation for the last injury from his employer, and compensation for such additional permanent disability as was caused by the combination of both disabilities, after subtracting therefrom the per cent of disability which constituted him a physically impaired person, from Special Indemnity Fund. Cameron & Henderson v. Franks, 199 Okla. 143, 184 P. 2d 965; Special Indemnity Fund v. Ward, 199 Okla. 196, 185 P. 2d 186.

Petitioner urges that in making the award the commission improperly combined the injuries received by the claimant on May 14, 1945, with pre-existing injuries which constituted claimant a physically impaired person. The view we take of the case renders it unnecessary to pass upon this question.

The only testimony in the record of the proceedings before the commission having any bearing upon the disability of claimant due to the combination of his various injuries was that of Dr. Wellman. He testified that claimant sustained a 70 per cent partial permanent disability as a result of the last injury, a 20 per cent partial permanent disability as a result of the old injury, which resulted in the loss of his eye, and a 5 per cent permanent partial disability as the result of previous injuries to his hand, and that as a result of the combined injuries claimant was

90 to 95 per cent permanently disabled. He arrived at this conclusion by adding together the percentage of disabilities resulting from the various injuries above mentioned.

From the evidence it appears that claimant had been working regularly prior to the last injury, and from his own testimony his previous injuries had not incapacitated him to any perceptible extent. Physicians other than Dr. Wellman testified that claimant was not permanently partially disabled.

The commission found that claimant was a physically impaired person; that he was 75 per cent permanently partially disabled, and that as a result of his last injury he has sustained a 30 per cent permanent partial disability. It made an award against the employer for the 30 per cent disability, and an award against the Special Indemnity Fund for a 45 per cent disability, less 20 per cent for the old disability resulting from the injury to claimant's eye and hand. This resulted in an award against the Special Indemnity Fund for 25 per cent permanent partial disability, amounting to $1,957.50.

The record is wholly devoid of any evidence tending to prove that the combination of the injuries received by claimant resulted in a disability materially greater than that caused by the last injury, after deducting the percentum of disability which constituted him a physically impaired person. While in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475, we said that the commission should base its conclusion upon expert and other evidence as to the percentum of disability, and that it could use or call to its assistance it own general knowledge and experience as men of common understanding and judgment, we did not mean that the commission could wholly disregard the evidence produced before it and arbitrarily award compensation upon a basis and in amounts which were not only not sustained by any evidence, but were directly contrary to all the evidence. In the instant

 

case, all of the evidence adduced on the subject tended to prove, and did establish, that the disability suffered by claimant was due almost entirely to the last injury sustained by him. In the face of the evidence the commission found that only 30 per cent of his disability was due to that injury, and imposed the remainder upon the Special Indemnity Fund, so that the award made against it was almost as great as the award made against the employer. There is no evidence in the record supporting the findings of the commission, or justifying any award whatever against the Special Indemnity Fund.

The award against the Special Indemnity Fund is vacated.

HURST, C.J., and BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.