William R. DUNAWAY, Petitioner,

v.

SOUTHWEST RADIO AND EQUIPMENT COMPANY, Employers Casualty Company and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38209.

Supreme Court of Oklahoma.

Oct. 21, 1958.

Claud Briggs, Tom R. Coats, Oklahoma City, for petitioner.

Ray Teague, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On June 22, 1957, William R. Dunaway, petitioner herein, filed a claim for compensation against Southwest Radio and Equipment Company, referred to herein as respondent, and Employers Casualty Company, its insurance carrier, stating that on May 18, 1957, while in the employ of respondent, he sustained an accidental injury consisting of an injury to his arm, head and lower back, causing some permanent disability to his person. The injuries were caused by an automobile accident.

Respondent and insurance carrier defend on the theory that petitioner's injuries were caused by his voluntary intoxication and that the injuries did not arise out of and in the course of his employment.

Compensation was denied petitioner by the trial judge upon the ground that the accident resulting in petitioner's injuries was caused by his voluntary intoxication.

This finding was sustained on appeal to the Commission en banc, but the Commission modified the order by further finding that the injury suffered by petitioner did not arise out of and in the course of his employment, and sustained the order of the trial judge denying compensation.

In bringing the case here for review, petitioner contends that neither the Commission's finding as to his alleged intoxication, nor as to his injuries not having arisen in the course of his employment, is sufficiently supported by the evidence. Since, under the provisions of Tit. 85 O.S. 1951 sec. 11, if the Commission is upheld in either of said findings, the respondent is not liable, and the order denying the award must stand, we will consider only its finding as to petitioner's intoxication.

The auto accident occurred between 4:30 and 5:00 P. M., on May 18, 1957, a little more than three miles east of Oklahoma City, on U. S. Highway No. 62, when the auto, petitioner was driving, crossed the center line on said paved highway and collided with another auto coming from the east. Petitioner's only explanation of the cause of the accident was: "* * * due to being exhausted and all, I possibly dozed and went to sleep." He admitted to having drunk an indefinite amount of whiskey, to having gotten his car stuck in the mud, both in Oklahoma City, the night before, to having spent the rest of the night in the car, and to having had it pulled out of the mud by a wrecker on the morning of the accident; but denied that he had drunk any more whiskey during the day of the accident, or was intoxicated at the time it occurred. To contradict this testimony, respondent called, as a witness, one Pierre L. Wood, a chemist employed by the State Crime Bureau. Excerpts from his testimony are as follows:

"Q. I will ask you to state, Mr. Wood, if you have had an occasion to run a blood test on the blood of Mr. Dunaway, the claimant in this case, following an automobile accident that he had on May 18, 1957? A. Yes, sir.

\* \* \* \* \* \*

"Q. And what did that analysis show, please? A. This particular sample showed blood alcohol rating of .15 percent, by weight.

"Q. Now, in lay terms so we can understand what that means, Mr. Wood, what is meant—what is the importance of this formula that your test showed, this .15?

\* \* \* \* \* \*

"A. a .15 percent tells by weight, tells the amount of alcohol present in the amount of blood that is used for analysis. That in respective terms, is the standard as accepted by the American Medical Association, the National Safety Council, American Bar Association, as being the level at which

any individual would be under the influence of alcohol.

"Q. Would a man with that reading be considered to be intoxicated? A. Yes, sir.

\* \* \* \* \* \*

"Q. The point is though, that I am trying to get at, .15 is the borderline isn't it? A. That is a point of no return—any person there or beyond that line, is definitely under the influence of alcohol. Below that—some people are more highly influenced than others. \* \* \*."

Counsel for the petitioner point to the presumption under Tit. 85 O.S.1951 sec. 27, " \* \* \* in the absence of substantial evidence to the contrary \* \* \* " that an injury (otherwise compensable under our Workmen's Compensation Law) " \* \* \* did not result solely from the intoxication of the injured employee \* \* \* ", and say that the witness Wood's "testimony does not in itself establish intoxication, but only the possibility thereof." They also point to Wood's testimony, in substance, that the blood sample (analyzed as he described) was delivered to him, as the blood of the petitioner, by Leo White, the Highway Patrolman who investigated the accident, and to the fact that White was not called as a witness to identify the blood sample. They also refer to the petitioner's testimony, to the extent it was corroborated by the respondent's assistant manager, Heddleston, as "completely disproving intoxication" on the part of the petitioner. Our answer to this is that we are not called upon to decide whether the evidence pro or con` of the intoxication issue established the affirmative or the negative thereof. That was for the Commission to determine. What we do determine, however, is that there was "substantial" evidence that petitioner's automobile accident, with resultant · injuries, was caused by his intoxication. It follows therefrom that *in the presence* of such evidence, the presumption that exists *in its absence* under sec. 27, supra, does not, under the plain wording of said statute, exist

here. With such evidence in the record, the issue was for the Commission to determine like any other issue of fact. As the evidence as a whole (with Wood's testimony included) reasonably tends to support the Commission's finding, and petitioner cites no authority showing Wood's testimony was incompetent, and the finding of petitioner's intoxication, in and out of itself, and without reference to any other determination, constitutes, under sec. 11, supra, sufficient justification for its order denying petitioner an award, said order must be affirmed. As the order of the trial judge and the Commission en banc followed the wording of sec. 11, supra, in resolving that issue, the fact that neither of said orders contained the word "solely" used in sec. 27, supra, is of no significance and indicates no defect in either order. In view of the foregoing, the order denying petitioner an award is hereby sustained.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.