Joe Benny ANDERSON, Petitioner,

v.

BILLS BAKERIES, INC., a corporation, State Insurance Fund, and The State Industrial Court, Respondents.

No. 40497.

Supreme Court of Oklahoma.

June 23, 1964.

Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Conner, Little & Conner, Oklahoma City, for petitioner.

Mont R. Powell, Guy A. Secor, Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding brought by Joe Benny Anderson, claimant, to review an order denying him an award. Claimant filed his first notice of injury and claim for compensation in which he stated that while employed by Bills Bakeries, Inc., he sustained an accidental injury arising out of and in the course of his employment on September 24, 1961, when he was pinned under an overturned truck belonging to respondent. The trial judge denied claimant an award and his order was affirmed by the court en banc on appeal. The order in part is as follows:

"That claimant sustained an accidental personal injury on September 24, 1961, to his head, chest and left arm.

–2–

"That his injury did not arise out of and in the course of his employment with respondent and his claim for compensation should be denied."

Claimant, a resident on the east side of Norman, Oklahoma, was an employee of Bills Bakeries, Inc., of Chickasha, Oklahoma. His territory was the City of Norman and the area north of Norman to Hollywood. He did not service the University of Oklahoma, or the Sororities and Fraternities but on occasion served Goldsby which was south of Norman. Ordinarily his work week was from Monday through Saturday. At times he made special deliveries to his customers. Such special deliveries might be made at any time during the business hours of the customer, even on a Sunday. The Dairy Queen and Jonesys, both in Norman, were two of the customers he sometimes serviced on special order.

On September 24, 1961, between the hours of 3:00 o'clock a. m. and 4:00 o'clock a. m., claimant was found in and under his over-

turned bread truck in the west edge of Norman on I. H. 35 about three-fourths of a mile south of Main Street. He had suffered injury to his head, chest and left arm. His left arm was thereafter amputated above the left elbow.

The facts above stated is a brief summary of claimant's evidence. He offered no evidence as to his activities on Saturday, September 23, 1961, nor why he was where he was with respondent's truck at the hour of 3:30 a. m., Sunday, the 24th.

The question determinative of this proceeding is whether or not the evidence is such as will sustain the finding of the Industrial Court that claimant's injury did not arise out of and in the course of his employment.

The dominant argument advanced by claimant is to the effect that the trial court should have presumed that he had received a special order from Jonesys, and was on his way to Chickasha to pick it up for delivery; that the fact he was in respondent's truck, on the route he ordinarily would have taken to Chickasha, is tantamount to saying, that he was in the course of his employment at the time of the accident; that since he was injured and had instituted proceedings for the enforcement of a claim for compensation, it was respondent's burden to show by substantial evidence that the claim did not arise out of and in the course of his employment. We cannot agree with such contention and argument.

█ Too often to cite, we have said: "the burden of proof attaches to the one alleging that the injury suffered was received as the result of an accident arising out of and in the course of employment, and it must be shown by competent evidence." See Indian Territory Illuminating Co. v. Lewis, 165 Okl. 26, 24 P.2d 647; Morton v. E. A. Cowen Const. Co., Okl., 391 P.2d 785.

█ In the instant case none of claimant's evidence is of the character necessary to prove that at the particular time and place of the accident he was on a mission for his employer. Under the broadest interpretation, a liberal construction of the Workmen's Compensation Act in order to accomplish its beneficent purposes does not compel a conclusion that an employee must be compensated for an injury just because he is an employee of, and driving respondent's vehicle. He must show he was on employer's business and the injury must have arisen out of his employment. Pool Well Servicing Co. v. Morris, Okl., 389 P.2d 981; Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953.

However, were we to assume that claimant met the burden of proof which attached to him, we note that respondent's uncontradicted evidence, undoubtedly believed by the Industrial Court, was as follows: About 2 o'clock a. m. on September 24, 1961, five high school girls, riding in one car traveling south on I. H. 35, came upon respondent's vehicle approximately one mile south of Moore, Oklahoma. It was weaving back and forth across the road. They followed it until it left the highway and overturned. They drove into Norman and notified the police of the accident. They drove back to the scene of the accident and observed claimant being taken from the wrecked vehicle. Respondent's further evidence was that the businesses serviced by claimant were closed at the time of the accident and had been since 12:00 o'clock midnight; and no special orders had been placed by claimant's customers, with either the claimant or respondent.

█ Although claimant asserts there is no competent evidence to sustain the finding of the State Industrial Court it is obvious that he seeks only to have this court weigh the evidence, disregard all evidence adduced by respondent, assume that claimant was in the course of his employment, and adjudge the proceedings in his favor. This we have repeatedly refused to do. It is neither the province nor the duty of this court to interfere with the order of the Industrial Court where it is based upon competent evidence and does not involve jurisdictional questions.

In Socony Mobil Oil Company, Inc. v. Cox, Okl., 372 P.2d 8, we reiterated the rule as follows:

"In an action to review an award of the State Industrial Court, this court will not review conflicting evidence on non-jurisdictional questions to determine the weight and value thereof, and, where an award of the Industrial Court is supported by competent evidence, the same will not be disturbed by this court on review."

We find no error of law requiring the order to be vacated.

Order sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.