Doris E. PLATNER, Mother and Next Friend of Barbara G. Platner and Robert J. Platner, Petitioner,

v.

BILL MOORE CHEVROLET, Automobile Dealers Mutual Insurance Company and the State Industrial Court, Respondents.

No. 41015.

Supreme Court of Oklahoma.

March 9, 1965.

—◆—

Otjen, Carter, Huddleston & Otjen, Enid, for petitioner.

Savage, Gibson, Benefield & Shelton, Oklahoma City, for respondents.

BERRY, Justice.

Deceased, Delmar J. Platner, was employed as a commission car salesman by the respondent automobile company. He was killed about 1:20 a. m., February 9, 1962, in Ponca City, Oklahoma, as the result of a one-car accident. The administrator of deceased's estate, joined by Doris E. Platner as mother and next friend of deceased's two dependent children, hereinafter referred to as claimants, filed claim for recovery of death benefits against respondent and its insurance carrier.

Upon hearing, the parties stipulated respondent was a covered employee within the purview of the Workmen's Compensation Act, and that deceased was a salesman for respondent. The respondents denied specifically that death arose out of and in the course of the employment. This was the only issue presented to the trial judge.

Doris E. Platner testified she had been divorced from deceased in 1960, and had been awarded custody of the claimant children. After the accident the employer (Mr. Moore) gave her deceased's briefcase which was in the car at the time of the accident. The briefcase contained an automobile price list and a book containing names of sales prospects.

Another witness (Mrs. Baird) testified she and her husband had been close personal friends of deceased for approximately ten years. The deceased often visited in their home on many occasions to try and sell them a car. The witness knew deceased's general practice was to attempt to sell cars late at night.

John Duroy testified he had known deceased socially, and also during the time he was a car salesman, and was familiar with his customary habits. On one occasion deceased called at witness' home about 8:30 in the evening trying to sell a car, and some five days thereafter deceased called the witness about 10 p. m. in an effort to sell a car. Cross-examination elicited testimony that it was not unusual for deceased to come to the home, and he would "pop up anywhere if they were not working". Deceased often came to the witness' home.

Respondent's sales manager (Frank Grennan) testified deceased was driving a company car when killed, and had in his possession a briefcase containing a price list and prospect list. Deceased was free to drive the car any place desired "within certain limits" in an effort to make a sale. Cross-examination established that a salesman was furnished a car for demonstration purposes, and for such personal use as desired at any time when not working, being responsible only for gas and wash jobs in the way of upkeep. Deceased's working hours were 8 a. m. to 6 p. m. on one day and 10 a. m. to 8 p. m. on alternate days. The last name on the prospect list was that of Mr. Farris in Tonkawa, where deceased and witness had gone to close a sale the afternoon of February 8, 1962. The last time he saw deceased was about 5:30 p. m. when they returned to Ponca City, and deceased said nothing to him about any prospects or that he intended to attempt to make any sales that night. The witness was required to approve each trade, but never had accompanied deceased to talk to any prospect after working hours, although it was permissible to attempt to make sales after hours.

The death certificate and police report of the accident investigation were introduced in evidence.

At the close of claimants' evidence respondents demurred thereto for the reason same failed to prove an accident resulting in death which arose out of and in the course of his employment. The demurrer was sustained and the trial judge entered an order denying the claim for death benefits, for the reason deceased had not sustained an accidental injury arising out of and in the course of employment. Appeal of this order to the Industrial Court en banc resulted in affirmance.

■■■ The only issue here for review is whether deceased's accidental death arose out of and in the course of the employment. In seeking reversal of the order of denial, claimants urge two propositions, the first of which asserts that the burden of proof herein was not upon claimants. The unvarying rule is that claimant bears the burden to show by the evidence that disability or death resulted from accidental injury arising out of and in the course of the employment. In Anderson v. Bills Bakeries, Inc., et al., Okl., 393 P.2d 524 at p. 526, we said:

> "Too often to cite, we have said: 'the burden of proof attaches to the one alleging that the injury suffered was received as the result of an accident arising out of and in the course of employment, and it must be shown by competent evidence.' See Indian Territory Illuminating [Oil] Co. v. Lewis, 165 Okl. 26, 24 P.2d 647; Norton v. E. A. Cowen Const. Co., Okl., 391 P.2d 785."

This principle has been reiterated innumerable times and requires no further supporting authority.

However, claimants argue that under the provisions of 85 O.S.1961, § 27, the statutory presumption therein extended brings any proceeding within the purview of the Act, in the absence of substantial evidence to the contrary. Thus, because deceased was employed in a covered employment under the Act and was driving a vehicle owned and furnished by respondent at the time of the accident, claimants conclude that the presumption exists that the accident arose out of the employment without need for evidence as to the nature of the errand. Upon this basis the conclusion is drawn that the burden of proof was shifted to respondents who were required to rebut such presumption by substantial evidence, which respondents failed to do. In resolving this argument it is unnecessary to review and discuss the authorities cited by claimants, particularly those from other jurisdictions.

Claimants cite and quote from American Radiator Standard & Sanitary Corp. v. Schrimsher et al., 192 Okl. 418, 136 P.2d 893, but that case is neither analogous nor controlling herein. Therein no question was involved concerning the injury, the only issue being whether the employment involved was a compensable employment under the Act. The conclusion therein reached was in accord with the statutory presumption, and in no manner supports the argument that the burden shifts to the employer to prove by substantial evidence that the accidental injury did not arise out of and in the course of the employment.

An argument identical to that urged herein was advanced in Guthrie v. Modern Distributors, Inc. et al., Okl., 350 P.2d 488, which proceeding involved a stronger factual situation than is presented herein. In the body of the case we said:

> "We have taken notice of Section 27, 85 O.S.1951, wherein it is expressly provided that 'it shall be presumed in the absence of substantial evidence to the contrary' five factual conditions in favor of claimant, but these matters are not presumed when there is substantial evidence to the contrary."

It is stated further that there was no evidence the employee was doing anything in furtherance of the employer's affairs at the time of the fatal accident, and in this connection we quoted from Folsom Auto

Supply v. Bristow, Okl., 275 P.2d 706 at p. 707:

> "An injury is received 'in the course of the employment' when it occurs while the workman is doing the duty which he is employed to perform. It 'arises out of the employment' when there is apparent to the rational mind upon consideration of all the circumstances a causal relation between the conditions under which the work is required to be performed and the resulting injury."

Under 85 O.S.1961, § 27, it is stated clearly what shall be presumed in the absence of substantial evidence to the contrary. The statute does not provide nor imply that the presumption relative to an accidental injury arising out of and in the course of employment controls in the absence of substantial evidence to the contrary.

Claimants' second contention asserts the sufficiency of the evidence to prove an accidental injury arising out of and in the course of employment because: deceased's employment required him to be upon the streets and highways; the vehicle involved was owned by respondent and furnished deceased as an incident of his employment; at the time of the accident deceased was carrying "material" owned and furnished to deceased by respondent for its own benefit. Claimants contend these facts established the requisite degree of proof that deceased died as the result of accidental injury arising out of and in the course of his employment.

The record is devoid of evidence to prove deceased was engaged in his employment for respondent at the time and place of the fatal accident. The undisputed facts, set forth above and relied upon by claimants are not of the character required to establish that deceased was on a mission for his employer at the time and place of this accident. Whether accidental injury resulting in death arose out of and in the course of the employment is a question of fact to be determined by the State Industrial Court under the circumstances of the particular case, and its finding thereon will not be disturbed on review when supported by competent evidence. Anderson v. Allis-Chalmers Manufacturing Company et al., Okl., 387 P.2d 479; Anderson v. Bills Bakeries, Inc. et al., supra.

Claimants' evidence failed to sustain the burden of proving the accidental injury arose out of and in the course of deceased's employment, and there is evidence reasonably tending to support the order of the State Industrial Court denying an award.

Order sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.