LANE–WELLS COMPANY and Liberty Mutual Insurance Company, Petitioners,

v.

Barbara Jean BREWER and State Industrial Court, Respondent.

No. 42247.

Supreme Court of Oklahoma.

Sept. 12, 1967.

Rehearing Denied Oct. 10, 1967.

A. G. Crowe, Oklahoma City, for petitioners.

Dick Bell and Frank Seay, Seminole, Charles R. Nesbitt, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here an original proceeding to review an award allowing the

respondent, claimant below, Barbara Jean Brewer, death benefits under the provisions of the Oklahoma Workmen's Compensation Act, for the death of her husband, Ronald D. Brewer. Parties will be referred to as they appeared in the trial court.

Petitioners' sole contention on appeal is that the deceased at the time of his death was off duty and therefore the accident did not arise out of and in the course of his employment.

Summarized the evidence submitted at the trial is an follows:

Respondent, Lane-Wells Company operates an oil field completion service, for the servicing of oil wells after they have been drilled by rotary equipment until they are on production. As the well approaches completion respondent's company is notified and it is required to immediately dispatch one of its units to the well. The unit consists of a truck and other specialized oil field equipment and is manned by a crew of three or four men.

The deceased and all employees of the respondent had no set hours of work and if on duty were required to respond for work at any time during a twenty-four hour day. Employees are paid a minimum weekly wage regardless of the hours actually worked. They were allowed three days off duty each month.

They are required to wear special uniforms while working. The employee is furnished five uniforms by the respondent when he first commences working and he furnishes his own thereafter. Respondent launders the uniforms and keeps them in repair.

The deceased Brewer had been working for the respondent from March 28, 1966. He left his home on April 27, 1966, to report for work for the respondent on a well near Stigler, Oklahoma. His wife testified that he said he would be gone two days.

The respondent maintains a yard or headquarters about a mile north of Seminole. On the morning of April 27, 1966, a crew of the respondent including the deceased Brewer and three other men went to Stigler, Oklahoma, to perform work for the respondent in connection with an oil well being drilled by the Phillips Petroleum Company. They arrived at the well about 10 o'clock A.M. and remained almost all day. They could not perform their services as Phillips wanted to drill the well a few feet deeper. They left their equipment at the well and returned to Seminole arriving about 8 P.M. They were to return to the well when called. They returned and completed the work on the well on April 29, 1966, the day after Brewer was killed in an automobile accident.

The deceased Brewer was killed at approximately 8:45 P.M. on April 28, 1966. He was driving alone in his own automobile on a paved county road two miles north of Seminole. The car left the highway and traveled approximately one hundred feet. The accident occurred approximately one and one-half miles east of respondent's yard near Seminole.

The station manager of respondent's yard testified that he was head man in the office and in charge of dispatching crews and sending men out on jobs; that on April 27, 1966, he sent the deceased Brewer with a crew to the Phillips job near Stigler; that the crew returned to Seminole about 8:00 P.M.; that he did not see Brewer that evening; that Brewer came to his office about 8:30 the next morning of April 28, 1966; that Brewer was supposed to be off duty the coming weekend; that he told Brewer some men were on vacation and he would have to change Brewer's weekend off. His testimony continued as follows:

"Q. All right. What other conversation did you have with him?

"A. He asked me if he could have the day off that day, and I said yes.

"Q. That was the 28th?

"A. That was the 28th.

"Q. Then what did he do?

"A. He left the shop.

"Q. State whether or not he had any duties to perform on the 28th for Lane-Wells Company?

"A. He had no duties to perform.

"Q. If you had a job for your serviceman, would you have called him?

"A. No, sir.

"Q. Why?

"A. Because I had other serviceman available, and it was his day off."

\*   \*   \*   \*   \*   \*

"Q. Was he performing any duties for Lane-Wells at the time of his death?

"A. No, sir.

"Q. Was this his day off?

"A. Yes, sir."

The deceased's wife testified that the deceased did not return to his home after leaving on the morning of April 27, and she did not know of his whereabouts until learning of his death about 8:45 P.M. on April 28; that he did not call her over the telephone; that the deceased was on call all the time and they had to have a telephone.

■ Claimant urges that as the deceased was subject to call twenty-four hours each day he was on duty all the time and therefore was on duty at the time he received fatal injuries on the night of April 28, 1966. We have held the fact that an employee is subject to call twenty-four hours a day, does not, standing alone, establish that he was in line of duty at the time an accident occurs. Dobson v. Commercial Oil Transport, Inc., Okl., 371 P.2d 709; Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953.

■ The burden is upon the claimant to establish not only that the deceased was on duty at the time of the accident but also that he was on some mission for his employer or doing something for the benefit of his employer at the time the fatal accident occurred. Anderson v. Bills Bakeries, Inc., Okl., 393 P.2d 524; Guthrie v. Modern Distributors, Inc., Okl., 350 P.2d 488.

In Dobson v. Commercial Oil Transport, Inc., supra, the deceased was employed by respondent as a safety advisor and his employer furnished him with a car for use in performance of his duties which included supervision of maintenance of vehicles, supervision of drivers and assistance in transportation difficulties. He was subject to call at all times. In the car he kept forms, hand tools, tire chains and camera all for use in the performance of his duties. On the date of the fatal accident he left employer's place of business about noon advising an employee in charge of the business that he was going to his home for lunch and then to the Country Club where he could be located if needed. On the way to the Country Club he was involved in an automobile collision and sustained fatal injuries. We held that the Industrial Court correctly denied the claim of the widow for death benefits, saying:

"While going to the Country Club employee was not going to a place at the direction of the employer or doing anything for the benefit of the employer. The State Industrial Court did not err in finding that the accidental injury resulting in death did not arise out of and in the course of the employment."

In the instant case there was no evidence establishing that the deceased was performing any service for the respondent at the time he turned his car off the highway and sustained fatal injuries. The facts most strongly reflect that he was on a mission of his own for his own benefit.

The testimony of the office manager of the respondent that the deceased was off duty is undisputed. The activities of the deceased are consistent with his being off duty. He had worked for the respondent exactly one month and the time had arrived for his having his three days off. The deceased did not remain around the yard of the respondent where he could be located if it was necessary for the crew to return to Stigler. He did not return to his home where he could be located by telephone if

needed. The evidence is undisputed that employees on duty were required to be where they could be located on short notice. No one knew the whereabouts of the deceased during the entire day of April 28th and during the entire day the crew with whom he had worked the preceding day were momentarily expecting to be called to resume their work.

Claimant contends that the deceased had company uniforms in his car which would indicate that he was on duty. Such fact was not proven by competent evidence but even if proven would not have been sufficient to established that the deceased was on a mission for the respondent at the time of the accident. Dobson v. Commercial Oil Transport, Inc., supra.

The award of the State Industrial Court is vacated.

All Justices concur.