**JAKE'S CASING CREWS, INC., and Hartford Accident and Indemnity Company, Petitioners,**

v.

**Charlie N. GRANT, by Jewell Grant, his guardian, and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 42740.**

Supreme Court of Oklahoma.

Jan. 28, 1969.

Rehearing Denied March 27, 1969.

Dale Reneau, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

William R. Burkett, Woodward, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here for review an order of the State Industrial Court, sitting en banc, affirming an award entered by the trial judge allowing the respondent Charlie N. Grant, by Jewell Grant, claimant below, total and permanent disability benefits under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

Claimant, Charlie N. Grant, an employee of the respondent, at approximately the hour of 8:45 P.M. on November 17, 1966, was driving a Ford pickup truck owned by the respondent on a county road 4.2 miles west of Woodward, Oklahoma. He was alone. The truck left the highway, overturned and was wrecked. Claimant in the accident sustained a fractured skull and serious brain damage which has resulted in his complete permanent disability for the performance of manual labor.

The sole contention of the respondent in defense of the claim is that at the time of the accident claimant was performing no work for the respondent and the accident did not arise out of and during the course of his employment for the respondent. In the trial court claimant by reply to answer of the respondent contended that respondent waived the alleged defense by voluntarily paying temporary compensation and furnishing medical attention. Claimant does not argue or present such contention in this court and the contention is without merit. Kemp v. Chickasha Plumbing Company, Okl., 338 P.2d 1107; Great Atlantic & Pacific Tea Co. v. McHan, 162 Okl. 8, 18 P.2d 875.

Succinctly stated the facts are as follows:

Claimant was employed by respondent on November 17, 1966, and for approximately a year prior thereto, to work at its shop and yards located at the Woodward Municipal Airport, 7 miles west of Woodward, Oklahoma. He worked in the shop repairing and servicing tools and equipment. On some occasions he would haul tools and

equipment in one of respondent's trucks to various locations where respondent's crews were working or make other trips for respondent.

Claimant and his family lived in a trailer house at the respondent's yard and claimant was considered to be on call 24 hours each day. He also served as night watch man.

There is no evidence of claimant having done any work for the respondent on November 17, 1966. He was at his home about 1:00 P.M. and laid down and went to sleep. About 5:30 P.M. claimant, his wife and two sons ate supper. There were three motor vehicles parked in the yard, the pickup truck, afterwards involved in the accident, the family car, and a car belonging to David, the son of the claimant. The wife and the two sons left in David's car to go to Woodward to make some purchases. They left the claimant sitting in front of a television set watching the news. They returned home in about an hour and claimant and the Ford pickup were gone. Mrs. Grant and one of her sons went on a second errand using the family car. They had trouble with the car while on the trip. They returned about 8:30.

Mrs. Joyce Dodd who was employed by respondent for answering telephone calls called Mrs. Grant and asked her if claimant was there. Mrs. Grant admits that she told Mrs. Dodd that claimant had been drinking since the night before and was at Marvin's Tavern. Mrs. Dodd called Marvin's Tavern and was told that claimant had just left. She then called Mrs. Jake Carter, wife of Jake Carter the principal owner of the respondent and told her claimant had the pickup truck and she was going out and see if she could find him.

Mrs. Dodd testified that at no time during the day of November 17, 1966, did she call the claimant and ask him to do anything in the course of his employment that would require him to be out on the road driving the pickup at the time the accident occurred.

Peggy Cook, an employee of Marvin's Tavern, testified that the claimant came into the tavern on the night of November 17, 1966, drank almost a whole beer and left. About 15 minutes afterwards she heard the sound of ambulance sirens going to the scene of the accident. She testified that claimant was not drunk.

The highway patrolman who investigated the accident and examined the truck testified there were no mechanical defects in the Ford pickup.

Mrs. Jewell Grant, wife of claimant, testified that when she talked to claimant on the afternoon and evening of November 17 he made no reference to being required to make a trip for the respondent driving the pickup out on the highway on the night of the accident.

Bob Dodd, an employee of the respondent, testified that he supervised the work of the claimant and on November 17, 1966, and particularly during the evening, he did not request the claimant to do anything which would cause him to be driving a pickup truck out on the highway at the point where the accident occurred.

Evidence was introduced to prove that the pickup truck in question was examined soon after the accident and nothing was found therein.

█ The burden was upon the claimant to establish by competent evidence that at the time of the accident he was on some mission for his employer or doing something for his employer in the course of his employment at the time the accident occurred. Lane-Wells Co. v. Brewer, Okl., 433 P.2d 959; Platner v. Bill Moore Chevrolet, Okl., 400 P.2d 148; Anderson v. Bills Bakeries, Inc., Okl., 393 P.2d 524; Guthrie v. Modern Distributors, Inc., Okl., 350 P.2d 488.

Claimant argues that under the provisions of 85 O.S.1961, § 27, it is to be presumed that in the absence of substantial evidence to the contrary claimant was working in the course of his employment

at the time the accident occurred. We have held to the contrary. Platner v. Bill Moore Chevrolet, supra; Guthrie v. Modern Distributors, Inc., supra.

The fact that claimant was in the general employ of the respondent and was driving a truck owned by the respondent is insufficient to establish that claimant was working in the course of his employment at the time the accident occurred. Platner v. Bill Moore Chevrolet, supra; Anderson v. Bills Bakeries, Inc., supra; Dobson v. Commercial Oil Transport, Inc., Okl., 371 P.2d 709.

The fact that the claimant was subject to call at all hours of the day or night, does not establish that he was in the line of duty at the time the accident occurred. Lane Wells Company v. Brewer, supra; Dobson v. Commercial Oil Transport, Inc., supra.

Claimant cites Howland v. Douglas Aircraft, Okl., 438 P.2d 5, and contends that where there is reasonable competent evidence to support the finding of the State Industrial Court that the accident arose out of and in the course of the employment of the injured parties such finding is binding on this court and will not be disturbed on appeal. We have no quarrel with this principle of law but it is subject to the qualifications that if the finding is not supported by any competent evidence it must be vacated. Cameron & Henderson v. Franks, 199 Okl. 143, 184 P.2d 965.

An award of the State Industrial Court not supported by any competent evidence and contrary to all the evidence produced before it will not be sustained by this court on appeal. Special Indemnity Fund of Oklahoma v. Bennett, 199 Okl. 505, 187 P.2d 991.

When an award is not supported by any competent evidence it is the duty of this court to vacate such award on review. Hill v. Culligan Soft Water Service Co., Okl., 410 P.2d 38; Pittsburg Plate Glass Co. v. Williams, Okl., 406 P.2d 994; Herb Banister Plumbing Co. v. Dreadin, Okl., 395 P.2d 645.

The evidence presented is entirely inadequate to establish that the claimant at the time of the accident was driving the truck involved in the accident on any mission for the respondent. On the other hand the evidence most strongly reflects that the claimant was on a mission for his own benefit. This circumstance indicates that claimant was not working for the respondent hauling tools and equipment but was on a mission of his own. An employee of the respondent supervising the work of the claimant and also a telephone dispatcher both testified that claimant, on the day of the accident, had been assigned no work to be done for respondent requiring him to drive the pickup truck out on the highway at the point where the accident occurred.

As the order and award of the State Industrial Court is not supported by any competent evidence and is contrary to law it is vacated.

All the Justices concur.