In the Matter of the Death of Earnest DeWayne BARGER.

FARM & TRACTOR SUPPLY COMPANY and Maryland Casualty Insurance Company, Petitioners,

v.

Patricia J. BARGER and the State Industrial Court, Respondents.

No. 43043.

Supreme Court of Oklahoma.

Feb. 11, 1969.

Lawrence E. Hoecker and Michael Paul Kirschner, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for petitioners.

James M. Springer, Jr., Stillwater, G. T. Blankenship, Atty. Gen., for respondents.

McINERNEY, Justice.

This is an original proceeding for review of an order of the State Industrial Court allowing a widow and minor child death benefits under the Oklahoma Compensation Act.

As a matter of convenience the respondent widow will be referred to as "Claimant"; the Farm & Tractor Supply Company will be referred to as "Employer"; and the decedent as the "Deceased".

The claimant-heirs are the widow and minor child of deceased. The coverage of deceased's employment is admitted. The following findings of the Industrial Court are sought to be reviewed:

"That Earnest DeWayne Barger, deceased, sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent on March 31, 1967, as a result of an automobile and truck collision, as a result of which he died on the same date."

"That respondent and insurance carrier failed to prove that the alleged intoxication was the sole cause of the accident resulting in the claimant's death."

Petitioner contends that these findings are not supported by any competent evidence and are in fact contrary to the evidence. Petitioner projects his objections to the findings based on the interpretation of 85 O.S.1961, § 11 which denies compensation to injured or deceased employee where injury results directly from the intoxication of the injured employee while

on duty. Claimant urges that it is necessary to complement the noted statute with 85 O.S.1961, § 27 to properly evaluate the court's finding. This latter statute provides that it shall be presumed, in the absence of substantial evidence to the contrary, that the injury did not result solely from the intoxication of the injured employee while on duty.

The facts of the case are briefly set forth. Deceased was manager of the Stillwater, Oklahoma store of the employer chain of stores. Deceased received a call from the manager of the Tulsa, Oklahoma store of employer. In response to that call he left for Tulsa on the afternoon of March 30, 1967. His purpose in going was either to pick up a parts manual or "mailer" used in the business of employer or to assist the Tulsa manager in the preparation of a "mailer". In addition he loaded some plow shares to deliver to the Tulsa store of employer. This too was at a request of the Tulsa store manager. It is presumed that these were delivered to employer's Tulsa store. Prior to leaving for Tulsa the deceased had told his employees at the Stillwater store that he would return early the next morning.

Early the next morning the deceased was driving west from Tulsa on State Highway #51 to Stillwater. This highway was a two lane road. At a point some eight miles west and one mile south of Sand Springs, Oklahoma the car of deceased collided head first with an eastbound truck of the Groendyke Transportation, Inc. in Groendyke's lane of travel. Deceased received a fatal injury.

The stipulation introduced by the parties set forth basically the following: That deceased died instantly at 6:35 a. m. on March 31, 1967, as a result of various personal injuries sustained in an automobile truck collision occurring near Sand Springs, Oklahoma, while he was traveling west on SH #51. A blood test taken from the deceased shortly following the accident revealed a blood alcohol count of .19.

Claimant entered the stipulation expressly reserving her right to object to the admissibility of the evidence at trial. During the hearing the claimant did object and the objection was overruled by the court. The admissibility of the evidence of blood alcohol count is sustained by this court's finding in the case of J. H. Rose Trucking Company v. Bell, Okl., 426 P.2d 709. Rose, supra, construed 63 O.S.1961, § 949, which provides that no report, finding, testimony, or other information of the State or County Medical Examiner or their assistant, shall ever be admitted in evidence in any civil action in any court of this state. If such a prohibition existed here, then it was incumbent upon the claimant to support her objection to the admissibility of the stipulated report by a proper showing. There is no evidence in the record of this case that the State or County Medical Examiners or their assistants were the procuring source of the blood test. The only inferential information in the record indicates that the deceased died instantly and that he was transported to the Hillcrest Hospital in Tulsa, Oklahoma. Under the circumstances presented here, the stipulation was properly admitted.

Based upon this stipulation, and the highway patrol report which was introduced in evidence by claimant, the testimony of an expert on intoxicants was submitted as part of the cause of respondents. The gist of his testimony was that every individual with a blood count of .19 is intoxicated.

Claimant widow and two employees testified for claimant. Their testimony did not concern his intoxication or sobriety on the morning of the accident. The state highway report was introduced by claimant and showed the point of impact three feet south of the center line in the Groendyke truck's lane of travel. From the evidence of the claimant there was no contradiction of the decedent's intoxication, or fact that the accident occurred while the decedent was operating his automobile with a .19

**506**

blood alcohol rating, or that the point of impact was in the truck's lane of travel.

■ Dunaway v. Southwestern Radio and Equipment Co., Okl., 331 P.2d 365, involved an employee injured in an automobile accident. Intoxication of employee was interposed as a defense and compensation was denied. We held in Dunaway, supra, that a report showing a blood alcohol rating of .15 was substantial evidence sufficient to overcome the presumption contained in 85 O.S.1961, § 27(4); that the injury did not result solely from the intoxication of the injured employee, the statute urged by claimant. In view of the evidence presented, the presumption is not available to support the contention of claimant.

■ The accident resulting in claimant's death occurred in the Groendyke truck's lane of travel while the deceased was operating his automobile with a blood alcohol rating of .19, substantial evidence of intoxication. The record does not suggest a cause other than intoxication as a reason for the accident: The order of the State Industrial Court does not attempt to determine another, or contributing, cause of the accident. The finding by the State Industrial Court that deceased's intoxication was not the sole cause of the accident is, therefore, not supported by competent evidence.

The evidence discloses that deceased had made arrangements with Mr. R, a fellow employee, to open the store in the event deceased did not return from Tulsa the morning of the accident. There was no directive imposed by the employer, or necessity in view of the record, requiring deceased to return in an intoxicated condition to open the store. Deceased voluntarily undertook to drive from Tulsa to Stillwater while intoxicated. The Legislature excluded injuries resulting directly from the intoxication of the injured employee from the beneficial purposes of the Workmen's Compensation Act. 85 O.S.1961, § 11. A liberal construction by this court disregard-

ing the express legislative intent would be unwarranted.

■ An award of the State Industrial Court not supported by any competent evidence and contrary to all the evidence produced before it will not be sustained by this court on appeal, Special Indemnity Fund of Oklahoma v. Bennett, 199 Okl. 505, 187 P.2d 991, and it is the duty of this court to vacate such award on review. Hill v. Culligan Soft Water Service Company, Okl., 410 P.2d 38.

As the order and award of the State Industrial Court is not supported by any competent evidence and is contrary to law, it is vacated.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and HODGES, JJ., concur.

LAVENDER, J., dissents.