**Millard O. RAINS, Petitioner,**

v.

**ARDMORE LIVESTOCK AUCTION, Mid-Continent Casualty Company and the State Industrial Court, Respondent.**

**No. 43685.**

Supreme Court of Oklahoma.

April 28, 1970.

Milor & Legate, Ardmore, for petitioner.

Harry R. Palmer, Jr., Oklahoma City, G. T. Blankenship, Atty. Gen., for respondent.

JACKSON, Justice.

The parties will be referred to as they appeared before the State Industrial Court.

In denying the claim of the claimant for Workmen's Compensation benefits the trial juge held:

"That claimant sustained an accidental personal injury, July 8, 1968, consisting of injury to his left wrist as a result of a hog bite. At the time of the injury the claimant was helping to tie the feet of the animal in preparation for loading it into pickup truck for transportation to the claimant's home.

"That claimant has purchased this animal from a fellow worker and the loading attempted to be done was being done after claimant's work for the respondent had terminated for the day.

"IT IS THEREFORE ORDERED that claimant's claim for compensation is denied."

The State Industrial Court, sitting en banc sustained the order of the trial judge.

In his petition for review claimant contends that the order of the State Industrial Court is not sustained by the evidence and is contrary to law.

Claimant on the 8th day of July, 1968, was employed by respondent to assist in the feeding, handling and loading of hogs at its auction lot in Ardmore, Oklahoma.

Wilson Packing Company had purchased 89 hogs. Claimant and other workmen were loading the hogs. It was discovered that one of the animals was a sow heavy with pigs. The sow was cut out of the lot of hogs and placed in a pen.

Claimant later purchased the sow. He testified he paid the respondent for the hog at the time he was quitting work for the day by delivering his paycheck to respondent and receiving the difference between the purchase price of the hog and the pay due him in cash; that this transaction occurred at 8 o'clock in the evening; and that another workman R. L. Bean told him about the hog about 5 o'clock in the afternoon.

Bean testified that he purchased the hog from respondent and resold it to the claimant.

Jim Christion, a fellow workman testified that after dark and after he had quit work he agreed with claimant to haul the sow in his pickup truck to claimant's home; that they were in the pen with the hog attempting to tie her feet together preliminary to loading her in his open pickup truck. He was working with his back to the claimant and did not see the hog bite the claimant but within a second claimant told him that the hog had bit him. He and claimant loaded the hog and transported it to claimant's home in Thackerville.

Claimant testified that the hog bit him about 9 o'clock in the evening and after he had purchased the hog but that the accident occurred when they were cutting the hog out of the bunch of hogs purchased by Wilson Packing Company.

In Jake's Casing Crews, Inc. et al. v. Grant et al., Okl., 451 P.2d 700, we held:

"The burden was upon the claimant to establish by competent evidence that at the time of the accident he was on some mission for his employer or doing something for his employer in the course of his employment at the time the accident occurred. Lane-Wells Co. v. Brewer, Okl., 433 P.2d 959; Platner v. Bill Moore Chevrolet, Okl., 400 P.2d 148; Anderson v. Bills Bakeries, Inc., Okl., 393 P.2d 524; Guthrie v. Modern Distributors, Inc., Okl., 350 P.2d 488."

The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the State Industrial Court under the facts and circumstances in each case, and where there is any testimony reasonably tending to support said court's determination will not be disturbed on review. Travis v. Oklahoma City Linen Service, Okl., 361 P.2d 182; Hackley v. Dalles Nursing Home, Okl., 372 P.2d 586.

We have examined the record and find that although conflicting it is sufficient to sustain the finding of the State Industrial Court that at the time claimant sustained injuries he was "helping to tie the feet of the animal" (the hog) he had purchased "from a fellow worker" and in preparation for loading it into pickup truck for transportation to "his home." Further that "the loading attempted to be done was being done after claimant's work for respondent had terminated for the day."

The finding of the Industrial Court that claimant was on no mission for the respondent and doing no work for respondent is supported by competent evidence and will not be disturbed.

Order sustained.

All the Justices concur.