The judgment of the Chancery Division is modified accordingly.

HELENE PACHANA, PETITIONER-RESPONDENT, v. ROBERT N. ESPOSITO, T/A LONG BRANCH MANUFACTURING COMPANY, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 9, 1966—Decided May 13, 1966.

Before Judges GAULKIN, LABRECQUE and BROWN.

*Mr. Charles M. James* argued the cause for respondent-appellant (*Messrs. James & Addas,* attorneys).

*Mr. Thomas F. Shebell* argued the cause for petitioner-respondent.

The opinion of the court was delivered by

GAULKIN, S. J. A. D. The judge of compensation correctly summarized the evidence as follows:

"* * * the proofs reflect that the petitioner was in the respondent's employ on August 3, 1961 and that during her lunch period a Union Business Agent named Fuerstin appeared on the premises and spoke to the Union Chairlady, Margaret Johnson. Petitioner made inquiry of Mrs. Johnson as to whether or not the business agent had been able to obtain wages owed to her by a former employer, the Ellie Ann Coat Co. When she was advised that there was considerable doubt as to the possibility of obtaining those wages, she became very excited and shortly after returning to her work bench became in such acute distress that an ambulance had to be summoned. On admission to the Fitkin Hospital, she was found to be suffering from a cerebral hemorrhage. The medical proofs established that petitioner suffered a subarachnoid hemorrhage as result of the rupture of a preexisting aneurism precipitated by the emotional upset and excitement resulting from the discussion about her back wages."

He dismissed the petition, holding that "The petitioner's emotional upset did not flow from anything related to her employment with the respondent but rather it was due to her failure to collect wages from a former employer. Hence, the accident did not arise out of and in the course of the employ-

ment and the disability was not causally related to the employment."

The County Court reversed, holding that *Martin v. J. Lichtman & Sons,* 42 *N. J.* 81 (1964), dictated that result. The County Court said:

> "Following the test set forth in * * * the *Martin* opinion, *supra,* petitioner and employee Johnson worked on the same job and could reasonably be expected to discuss the episode of back wages owed while on the job. It does not matter under the test set forth in the *Martin* case, *supra,* that the wages were owing from a former employer."

We hold that *Martin* did not mean to allow compensation under circumstances such as we have here. *Martin* was a case of an assault by a fellow worker which did not stem from any relationship outside the factory, and the opinion emphasized that fact:

> "Under the 'but-for' test, assaults by co-workers are compensable as long as they are not motivated by personal vengeance stemming from *contact with the employee outside of the employment* * * *
> * * * * * * * *
> The assault upon Martin was not motivated by personal vengeance stemming from contact with Bradford outside of the employment, nor did it arise from a purely private relationship entered into by them during the course of their employment, as, for example, if they had embarked on a joint enterprise on the side and fought over it during working hours. *Cf. Larson, op. cit., supra, p.* 139. When friction and strain arises between employees because of the enforced contact resulting from the employment and leads to an unjustified assault, the victim's injuries are compensable. Martin's injuries resulted from such an assault." (at *p.* 83, 84)

In short, to paraphrase Judge Cardozo's words in *Leonbruno v. Champlain Silk Mills,* 229 *N. Y.* 470, 128 *N. E.* 711, 13 *A. L. R.* 522 (*Ct. App.* 1920), quoted in *Martin,* here the claimant was injured merely while she was in a factory and not because she was in a factory, in touch with associations and conditions inseparable from factory life.

For the foregoing reasons, the judgment of the County Court is reversed and the petition is dismissed.