Ola JARVIS as Executrix of the Estate of L. A. Jarvis, Deceased, Petitioner,

v.

O. R. HOPKINS and Tommy C. Bruce, d/b/a Hopkins and Bruce Stone and Sand Company and United States Fidelity and Guaranty Company, Respondents.

No. 42438.

Supreme Court of Oklahoma.

Oct. 10, 1967.

---

Loeffler & Allen, by, David H. Loeffler, Bristow, for petitioner.

Don L. Dees, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

LAVENDER, Justice.

There is involved here an original proceeding to review an order denying an award the petitioner, claimant below, Ola Jarvis as executrix of the estate of L. A. Jarvis, deceased, death benefits under the provisions of the Oklahoma Workmen's Compensation Act for the death of her husband L. A. Jarvis. Parties will be referred to as they appeared before the State Industrial Court. The deceased L. A. Jarvis will be referred to as "Deceased".

There is little, if any, conflict in the evidence. The accident causing the death of the deceased occurred at his home on Sunday, August 22, 1965. The deceased owned a Chevrolet dump truck. During the afternoon he was working in his garage repairing or servicing the truck. In some manner the truck either fell upon or ran over him causing fatal injuries from which he died instantaneously.

Respondent is engaged among other activities in the hauling of gravel from a rock crusher to various construction projects. In conducting such hauling operation respondent used five of his own trucks and also trucks owned and driven by other truck owners including the deceased.

The deceased had been using his truck on an irregular basis hauling gravel for respondent for approximately two years prior to his death. He also hauled for others. He hauled gravel for respondent during the week before his death and on Saturday before his death.

Respondent paid the deceased on a "ton mile" basis deducting 3% from each payment for use in providing insurance coverage including workmen's compensation. Deceased was not required to haul any specific number of hours or any specific number of tons per day. Respondent used the deceased and his truck when hauling was available. and deceased wanted to do the hauling.

Respondent testified deceased was not working for him on Sunday, August 22, 1965, the date of the accident and he made no particular arrangements with the deceased to do hauling for him on the following Monday, but apparently respondent did not usually make prior arrangements. Other haulers testified that due to his seniority deceased probably could have hauled for respondent on the following Monday. Respondent made no inspection of deceased's truck and had nothing to do with the maintenance of the truck. It was "up" to each trucker "to have" his truck "in shape for work."

The trial judge denied the claim and the Industrial Court on appeal held that the accidental injury causing the death of the deceased did not arise out of and in the course of his employment and affirmed the order of the trial judge.

■ The rule is that the burden of proof is on the claimant to prove that the death of deceased was caused by an accident arising out of and in the course of his employment. Snodgrass v. Douglas Aircraft Company, Okl.1965, 406 P.2d 463 and cases therein cited.

■ If the accident and death of the deceased occurs off the premises of the respondent and while deceased is engaged in

his own personal activities the claim is not compensable. Magnolia Petroleum Co. v. State Industrial Commission, Okl.1961, 361 P.2d 477; Novak v. McAlister Materials, Okl.1956, 301 P.2d 234.

The claimant urges that the truck was being maintained by Mr. Jarvis in anticipation of using it in his employment by the respondent, that the maintenance was "for the benefit" of respondent and therefore "reasonably incidental" to the employment and that Mr. Jarvis' death while engaged in such work should be held to have arisen out of and to have been suffered while in the course of that employment. Our attention is called to Oklahoma Railway Co. v. Cannon et al., Okl.1946, 198 Okl. 1965, 176 P.2d 482; Magnolia Petroleum Co. v. State Industrial Commission, supra and cases from other jurisdictions, all of which claimant says supports the rule that where the activity in which the employee is engaged will benefit the employer that it is reasonably incident to the employment.

In the Oklahoma Railway Co. case the employee was a bus driver and as he was driving his bus along the highway, he came upon a wrecked auto which was blocking the highway. The employee was injured while assisting in removing the wrecked car. We held that such an activity was "reasonably incidental" to the work which the employee was hired to perform and that "it may be said to arise out of and in the course of (his) employment". In the cited case the employee was obliged to stop the bus to pick up passengers at or near the spot where the car was standing. The removal of the car was therefore directly necessary to the performance of the employee's duties and was, to that extent, reasonably incidental to the work of his employer.

In Magnolia Petroleum Co. v. State Industrial Commission, supra, the employee was hired as an oil well pumper and was paid for the use of his private automobile.

During the day and while he was at home repairing that auto, he was injured. We held that under the facts of that case the repair of the auto was not for "the benefit" of the employer "nor reasonably incidental" to that employment.

The cases from the other jurisdictions are distinguishable on facts from the case before us.

■ An injury does not arise out of the employment in which the injured employee is engaged, unless it is apparent to the rational mind, upon consideration of all circumstances that there is a causal connection between the employment and the duties to be performed thereunder and the resulting injury. Platner v. Bill Moore Chevrolet, Okl.1965, 400 P.2d 148. We have also held that the question of whether an accidental injury arises out of and in the course of the employment is one of fact to be determined by the State Industrial Court under the circumstances presented in each particular case, and its findings thereon will not be disturbed by this court on review when supported by competent evidence. Anderson v. Bills Bakeries, Inc., Okl.1964, 393 P.2d 524.

In this case there is just as much basis for saying that Mrs. Jarvis' maintenance of his truck was for his benefit as there is for saying that it was for the respondent's benefit. The only connection of the respondent with the activities Mr. Jarvis was engaged in when he was killed was that the truck was used by the latter to haul gravel if the weather was permitting, if there was need for this "extra" truck, and if Mr. Jarvis himself wanted to do the work.

■ We are of the opinion that the above mentioned finding and order of the Industrial Court based thereon is supported by competent evidence.

Order denying an award is sustained.

All the Justices concur.