447 P.2d 259

Manuel AQUINO, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona,
and
The Ashton Company, Incorporated, Defendant Employer, Respondents.

Nos. I CA–IC 187, I CA–IC 218.

Court of Appeals of Arizona.

Nov. 26, 1968.

in the Casa Grande area, many miles from his home. Due to the distance, he found it convenient to live at the site in a camper he had placed upon his pickup truck. He was not required by his employer to live at the site, and many of his fellow employees found it more convenient to live at their respective homes.

The employer furnished his employees with a water cooler during the working hours, with a large chunk of ice placed in the cooler during the day. It was the practice at the end of the day to empty the ice on the ground and pour all the water out of the cooler. During working hours the petitioner asked a co-employee, who was in the process of emptying the water, whether or not he could have the discarded ice for his personal use after work. The co-employee indicated that he could have the ice.

Just before quitting time the petitioner picked up the large piece of ice and began to carry it to his camper. As he was carrying it, he felt a pain in his right shoulder. He continues to feel such pain up to the present time.

He went back to work the next day, with a slight pain which became progressively worse and finally, by 5:00 p. m., he could no longer work. It was at this time that he suffered what petitioner claims is a second industrial accident, that of overheating.

Petitioner went home the next day and saw two doctors. He saw a Dr. O'Campo for his heat exhaustion, and a Dr. Willingham for the pain in his shoulder. Prior to the accident petitioner was able to do heavy lifting. Subsequent thereto he has not done any work. He testified that his arm still hurts, that he feels weak, and that he is unable to stand in the sun.

In regard to the shoulder injury, the petitioner is appealing from an Order Affirming Amended Decision Upon Hearing and an Order Affirming Findings and Award for Non-compensable Claim. Respondent's position is that such injury is not covered by the Workmen's Compensation Laws of Arizona.

---

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Former Chief Counsel, Robert D. Steckner, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, for respondent Industrial Commission.

DONOFRIO, Judge.

Petitioner, a sixty-three-year-old laborer, was employed at a bridge-building jobsite

After the heat exhaustion, the Industrial Commission had three formal hearings followed by an award finding that petitioner had suffered an industrial accident which resulted in heat exhaustion; that he was entitled to medical benefits, but not entitled to compensation as he was not disabled in excess of seven days; and that he had no permanent disability attributable to this industrial accident. From the Order Denying Rehearing and Affirming Decision Upon Hearing and Findings and Award, petitioner also appeals to this Court.

Although both cases were treated separately by the Industrial Commission in their proceedings, we have consolidated them and will pass upon whether the awards rendered in the cases are reasonably supported by the evidence.

■ The Constitutional mandate, reiterated in our statutes, requires that a workman can be compensated for an injury only if such injury arises out of and in the course of his employment. Arizona Constitution, Art. 18, Sec. 8; A.R.S. § 23–1021. It is the settled law in Arizona that a compensable injury may occur while the employee is either fulfilling his employment duties or engaged in doing something incidental thereto. Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511 (1945).

■ The question as to the shoulder injury is whether carrying the ice to his camper for his personal use after work was in the course of the claimant's employment. We hold that it was not. Gaumer v. Industrial Commission, 94 Ariz. 195, 382 P.2d 673 (1963), clearly points out:

"Where an injury is suffered by an employee while engaged in acts for his own purposes or benefit (other than acts necessary for his personal comfort and convenience while at work) such injury is not in the course of his employment, * * *." 94 Ariz. at page 198, 382 P.2d at page 674.

■ We next direct our attention to petitioner's heat exhaustion claim. Heat exhaustion, sunstroke, heat stroke or heat prostration caused by the usual conditions of employment are within the coverage afforded by the Arizona Workmen's Compensation Act if the employee was subject to risks in excess of those of the general public. Watson v. Sam Knight Mining Lease, 78 Ariz. 114, 276 P.2d 536 (1954). The respondent acknowledges the compensability, but states that petitioner has not shown a permanent disability related to the heat exhaustion.

■ As recently declared by this Court, the claimant's burden is by "a reasonable preponderance of the evidence". Theoharidi v. Industrial Commission, 8 Ariz. App. 364, 446 P.2d 470 (Filed November 1968). In that case it was also pointed out that although the Commission must consider the medical findings rather than the conclusions of medical experts, it may not substitute its judgment on matters lying exclusively within the field of medical science.

From the evidence in this case, we can come up with two factual conclusions. First, that before the heat exhaustion of June 20, and the lifting of June 19, the claimant was in ordinary health. Second, since the accident, his arm hurts, he feels weak, and is unable to work in the sun.

Dr. Willingham testified that the heat exhaustion would have no effect on the condition in his arm. When Dr. O'Campo was asked if he could explain the complaint of weakness, he answered:

"No, because this symptom is given by so many patients of this particular age who have practically nothing on physical examination that most of the time this might be just psychosomatic."

In response to another question, the doctor answered:

"Still I don't think weakness would be produced by heat exhaustion."

■ Petitioner presented no medical testimony which would show a causal relation between his heat exhaustion and his present condition. There was some lay testimony

of the claimant and several of his co-employees. This lay testimony alone does not satisfy the burden of proof imposed up-on the claimant by the law. We believe that the correct law was pointed out in Smith v. Aluminum Company of America, 62 Ariz. 160, 155 P.2d 628 (1945). In that case, the court stated:

"The burden of proof was upon the petitioner to establish to the satisfaction of the triers of fact by a reasonable preponderance of the evidence that the so-called heat stroke left a residual permanent disability. * * *"

62 Ariz. 160 at page 167, 155 P.2d at page 631.

We find there is sufficient evidence to support the respondent Industrial Commission's findings that petitioner's shoulder injury did not arise out of or in the course of his employment, and that petitioner did not suffer any permanent disability related to his heat exhaustion. We therefore affirm the awards.

CAMERON, C. J., and STEVENS, J., concur.