451 P.2d 44

William S. HANNON, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Arizona, Power Line Erectors, Incorporated, and the Travelers Insurance Company, Respondents.

No. 1 CA–IC 205.

Court of Appeals of Arizona.

Feb. 27, 1969.

Rehearing Denied March 19, 1969.

Alan Philip Bayham and Henry L. Zalut, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel by William E. Smith, Phoenix, for respondent, Industrial Commission.

Kramer, Roche, Burch, Streich & Cracchiolo, by B. Michael Dann, Phoenix, for respondent, Travelers Ins. Co.

DONOFRIO, Chief Judge.

On December 12, 1966, the petitioner, William S. Hannon, a forty-year-old lineman, hurt his hip on a construction job. Twelve days later he was seen by a doctor who diagnosed "discogenic disease L-4-5 with left sciatica." Subsequent to this, petitioner was admitted to a hospital where another doctor examined him and expressed the feeling that the petitioner had a degenerative disc disease, but that surgery was not indicated.

The attending physician expressed the opinion that the petitioner should change his job and the carrier requested a Medical Consultation Board. This Board reported:

"This patient's condition appears to be quite good today and there appears to be

some disproportion between his complaint and the physical findings. There is no evidence of nerve root irritation or compression to suggest that further diagnostic studies and surgery are necessary.

\* \* \* \* \* \*

"If there are no new additional developments during observation for an additional thirty days, he may be discharged without disability related to the accident on December 12, 1966. He does not require further physical therapy."

The Commission entered and issued a Findings and Award for Temporary Disability. They found the applicant was entitled to $390.60 for total temporary disability, and closed the claim. The applicant then filed a Petition and Application for Rehearing. A formal hearing took place in which the testimony of several doctors and the petitioner was taken. The referee found that the "applicant has fully recovered from the temporary aggravations sustained on the job on December 12, 1966, and has no residual disability attributable thereto." It was recommended that the Findings and Award be affirmed. The Commission on April 19, 1968, affirmed the Findings and Award for Temporary Disability. On appeal the petitioner alleged that the Industrial Commission's Decision Upon Rehearing and Order dated April 19, 1968, was arbitrary and contrary to law and fact.

█ The law requires a liberal construction to be given to Workmen's Compensation statutes. The purpose of such statutes is to place the burden of injury upon the industry and the community as a whole. However, the Arizona Supreme Court has pointed out that although they are in agreement with this construction of the statutes, the claimant still has the burden of proof of showing an injury. Ocean A. & G. Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641 (1927); Edmiston v. Industrial Commission, 92 Ariz. 179, 375 P.2d 377 (1962). It has

recently been reiterated by this Court that the claimant has the burden of proving his disability by a reasonable preponderance of the evidence. Theoharidi v. Industrial Commission, 8 Ariz.App. 364, 446 P. 2d 470 (1968); Aquino v. Industrial Commission, 8 Ariz.App. 444, 447 P.2d 259 (1968). Apparently in this case the referee did not feel that the claimant had satisfied this burden of proof.

█ When looking at the evidence this Court, as an appellate court, is not permitted to weigh the evidence. Our only purpose is to determine whether the findings and award of the Commission are reasonably supported by the evidence. The evidence must be considered in the light most favorable to sustaining the award. McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042 (1957); Tipton v. Industrial Commission, 7 Ariz.App. 39, 435 P.2d 874 (1968).

The transcript shows that the employee's personal physican, a general practitioner, testified that the accident of December 12, 1966, was an aggravation of a prior condition. Another doctor, a neurosurgeon, testified that the injury of December 12, 1966, was not an aggravation of a prior condition. Another doctor, whose specialty was physical medicine and rehabilitation, testified that he could not say with reasonable medical probability whether the plaintiff's condition was the result of a new injury or a prior injury. The Medical Consultation Board found no disability related to the accident of December 12, 1966, although this was controverted by the petitioner's own physician.

██ When the Industrial Commission has before it conflicting medical testimony, it has the problem of resolving the conflict. This Court may not substitute its opinion as to which of the doctors is more probably correct. We are bound by the conclusions of the Industrial Commission in this respect. Theoharidi v. Industrial Commission, supra; Wones v. Industrial Commission, 7 Ariz.App. 236, 437 P.2d 988 (1968).

There was substantial evidence to sustain the Findings and Award of the Industrial Commission.

Affirmed.

STEVENS, and CAMERON, JJ., concur.