451 P.2d 904

**Louie B. LOPEZ, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Concrete Ditch Lining Service, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 194.**

Court of Appeals of Arizona.

March 19, 1969.

Gorey & Ely, by Jeffrey D. Bonn and Joseph M. Bettini, Phoenix, for petitioner.

Robert D. Steckner, Acting Chief Counsel, by Donald L. Cross, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, for respondent Carrier State Compensation Fund.

DONOFRIO, Chief Judge.

On August 9, 1966, the petitioner, Louie Lopez, injured his low back in an accident arising out of and in the course of his employment. His back condition was diagnosed as acute traumatic myositis by petitioner's doctor. Myositis is non-suppurative inflammation of muscle tissue. A Findings and Award for Continuing Benefits and Establishing Average Monthly Wage was entered on November 29, 1966. The findings included, among other things, a finding that petitioner could return to work as of December 1 of that year.

The petitioner failed to return to work, and on January 20, 1967, a Group Consultation Board was convened. One of the comments of the Board was as follows:

"It is anticipated that this patient should be ready for discharge from treatment within thirty to forty-five days and that there will be no permanent physical impairment as a result of the injury sustained on 8–9–66."

The petitioner returned to work, but soon afterward was again complaining of low back pains. Another Group Consultation Board was convened. This Group's comments were:

"The consultants are basically in agreement with the findings of the group consultation of January 20, 1967. We feel this patient should be at regular work at this time.

"After today's consultation, it is the opinion of the consultants that there is no need for any further treatment or examinations.

"In our opinion, the patient can perform his regular work and can be discharged without disability."

A Findings and Award for Temporary Disability was entered on May 3, 1967, awarding accident benefits amounting to $3,859.47. A Petition for Hearing was timely filed. At the hearing the doctors' testimony conflicted as to the presence of a disability attributable to the industrial accident. Doctors for the petitioner felt that he had an osteoarthritic change in the lower lumbar spine, marked degeneration of the fifth lumbar intervertebral disc, and possible degeneration of the fourth lumbar disc. Doctors for the Commission found nothing wrong with the petitioner.

The Commission is to determine which of the medical experts' testimony they are to accept. If they act reasonably in their selection as to which of the experts is more probably correct, then we are bound by their conclusions. Hewett v. Industrial Commission, 72 Ariz. 203, 232 P.2d 850 (1951); Theoharidi v. Industrial Commission, 8 Ariz.App. 364, 446 P.2d 470 (1968); Brewer v. Industrial Commission, 9 Ariz.App. 319, 451 P.2d 897 (Filed March 18, 1969). The plaintiff has the burden of proving by a preponderance of the evidence that he is injured, and that such injury arose out of and in the course of his employment. Aquino v. Industrial Commission, 8 Ariz.App. 444, 447 P.2d 259 (1969); Hannon v. Industrial Commission, 9 Ariz.App. 231, 451 P.2d 44 (Filed February 27, 1969). As an appellate court, our purpose is not to weigh the evidence and make a new finding and award, but rather to determine whether the findings and award of the Commission is substantiated by sufficient competent evidence.

In this case we find sufficient competent evidence to sustain the Commission's award. We therefore affirm the award of The Industrial Commission.

STEVENS and CAMERON, JJ., concur.