467 P.2d 755

**Shirley L. PATTON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Ameco, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 288.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 6, 1970.

Gorey & Ely, by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, The Industrial Commission.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent, Carrier State Compensation Fund.

STEVENS, Judge.

This case is before the Court by writ of certiorari to test the lawfulness of an award and findings of The Industrial Commission issued on 28 March 1969. This case is decided under the law as it existed prior to 1 January 1969.

The petitioner, a then 25-year-old female employed as an assembler by the employer, injured her low back while she was picking up power supplies which weighed approximately 20 pounds. The petitioner

suffered from a previous physical condition of a short left leg which caused a pelvic tilt. The accident occurred on 21 March 1966. After a number of procedural steps, the petitioner was examined by a medical consultation board on 14 June 1967. This board concluded that the petitioner was capable of returning to her regular work and that she could be discharged as of that date with no permanent disability resulting from the industrial accident. One of the members of the group consultation added an addendum to this report as follows:

"ADDENDUM:

"I am of the opinion that the patient should have a lumbar myelogram for diagnostic purposes only.
s/ M. L. Goldsmith
M. L. Goldsmith, M.D."

In addition the petitioner's attending physician, Paul M. Steingaard, D. O., was of the opinion that the petitioner should have a myelogram.

The petitioner contends that she is entitled to the additional accident benefits of a lumbar myelogram as a Workmen's Compensation responsibility.

We have reviewed the record and find that the petitioner has failed to meet her burden of proving that her physical disability is attributable to her industrial accident. When the results of an industrial accident cannot be clearly seen by a layman, such as the loss of an arm or leg, the question of physical disability or impairment can be resolved only through the use of expert medical testimony. Bedel v. Industrial Commission of Arizona, 5 Ariz.App. 470, 428 P.2d 134 (1967); Fyffe v. Industrial Commission, 10 Ariz.App. 377, 459 P.2d 104 (1969). When the question of physical disability or impairment requires medical testimony and there is a conflict in that testimony, the Commission has the duty of resolving the conflict. Theoharidi v. Industrial Commission of Arizona, 8 Ariz. App. 364, 446 P.2d 470 (1968); Lopez v. Industrial Commission of Arizona, 9 Ariz. App. 326, 451 P.2d 904 (1969). In the in-

stant case, the petitioner failed in her proof that a myelogram might reasonably establish an industrially related condition. There was a conflict in the medical evidence as to whether a myelogram was necessary in diagnosing the petitioner's then physical condition. We find that there is sufficient evidence in the record to support the award of the Commission.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.