**Eugenia HEGWOOD, Petitioner,**

v.

**H. A. PITTMAN d/b/a Sequoyah Cafeteria and State Capitol Cafeteria and the State Industrial Court, Respondents,**

**Federal Insurance Company, Respondent.**

**No. 43676.**

Supreme Court of Oklahoma.

May 12, 1970.

Rehearing Denied July 21, 1970.

Bay, Hamilton & Renegar, Oklahoma City, for petitioner.

Rhodes, Hieronymus, Holloway & Wilson, by Wm. H. Wilson, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BERRY, Vice Chief Justice.

This is an original proceeding to review an order of the State Industrial Court. A trial judge entered an order awarding claimant compensation. On appeal the court en banc vacated this award, holding injury "did not arise out of the employment." The only issue for review involves correctness of that court's determination of the issue.

The facts summarized are neither involved nor disputed. Claimant was employed as a line worker in the State Capi-

tol Cafeteria, operated by respondent in premises leased from the state. Workmen's compensation coverage, furnished by named insurance carrier, included claimant's wages in computation of premiums paid by respondent.

On March 28, 1969, claimant drove to work and parked her car on Lincoln Boulevard across the street from west entrance to the State Capitol. Claimant entered the building, went to the cafeteria and punched a time card and was visiting with the cashier. Another employee entered and told claimant her car lights had been left burning. Claimant left cafeteria and walked along the basement (ground level) corridor toward west entrance, intending to leave the building in order to check the car lights.

West entrance to the capitol is on ground level, providing access for freight and merchandise delivery. This entrance to the building also provides ingress and egress for a great number of employees and members of the public. There are other entrances on north, south and east of building, all of which are utilized by employees and the general public.

Entrance to west, or basement, corridor is accomplished by heavy steel sliding doors opening laterally to provide access into a large delivery room. The east side of this room contains hinged, double doors permitting passage into the basement corridor, and providing access to several state offices, a barber shop and the involved cafeteria. Use of the basement by employees, tenants or general public entering or leaving the building necessitates passage through both sets of doors.

Extensive argument is urged in support of claimant's contention that injury arose out of and in course of employment. Upon analysis this generalized argument discloses three claims, or subdivisions of argument, summarized hereafter. The first claim advances a novel argument: Since the building accommodates other business and employees, all of whom must pass in and out of the doors provided, it follows

" * * * that anywhere in the State Capitol Building is likewise the premises of this respondent cafeteria * * *." From this assumption it is concluded the place where injury occurred was as much respondent's premises as though claimant had fallen in cafeteria proper. Our decisions in Swanson v. Gen. Paint Co., Okl., 361 P.2d 842, and Max E. Landry, Inc. v. Treadway, Okl., 421 P.2d 829, are cited as authority for the conclusion stated.

We are of the opinion these cases do not support claimant's argument. Each case cited involved injury received in a parking lot furnished by a landlord for joint use of tenants and their employees. Claimant herein was not parked on a parking lot, but on a traveled street.

The second ground of argument relates to issue of causation between claimant's employment and injuries. It is contended claimant parked in a place regulated and controlled by the not otherwise identified "Security Guard", which was upon respondent's premises. This conclusion is reached by attempted application of decisions, supra, holding that a parking area becomes employer's premises where same is provided for tenants and employees. Claimant cites E. I. DuPont De Nemours & Co. v. Redding, 194 Okl. 52, 147 P.2d 166, which held that parking supervised by a guard and open to public use became part of the employer's premises. The present record is devoid of evidence showing public street parking utilized by claimant was regulated and controlled by a guard or officer. No authority is cited, nor any basis suggested, for assuming the rule in Redding, supra, provides authority for declaring a public street part of an employer's premises.

The final contention is derived from text law to the effect that employees are covered for all causative acts occurring within scope of employment or reasonably necessary to performance of work including matters of personal convenience. See generally 99 C.J.S. Workmen's Compensation § 220. From this premise claimant urges

employers can foresee employees will attend personal errands during employment, hence claimant did not go outside scope of employment by leaving her work to correct a personal situation. It is argued that in leaving the work to remedy the situation made claimant a better employee for that day than if she had been required to stay on the job and worry about her automobile.

■ It is axiomatic that compensable injury must "arise out of" the employment and also be sustained "in the course of" employment. The first term refers to origin or cause of injury. The second term is concerned with time, place and circumstances under which the injury occurred. Smith's Estate v. Hearon, Okl., 424 P.2d 970. Where an employee suffers injury while engaged in acts for own purpose or convenience, except those necessary for personal convenience and comfort while at work, the injury does not occur in the course of employment. See Lane-Wells v. Brewer, Okl., 433 P.2d 959; Jarvis v. Hopkins, Okl., 434 P.2d 208.

Claimant argues employees who temporarily depart from the job for personal convenience do not leave the course of employment because accomplishment makes them better employees. This position rests upon what is denominated "indirect benefit theory", since an employee's work would suffer if not permitted to go to the rest room, seek fresh air, eat, smoke, etc. and the employer benefits from employees doing these acts. It is recognized this theory of employer responsibility is unsatisfactory because: (1) the presumed benefit may be stretched so thin as to become fiction; (2) the employee's activity cannot be held to benefit the employer under any stretch of imagination. Larson's Workmen's Compensation Law, Vol. 1 § 20.10. For decisions bearing upon general test of work connection as to indirect benefit

from employee activity see: Pachana v. Esposito, 91 N.J.Super. 187, 219 A.2d 627; Coates v. J. M. Bucheimer Co., 242 Md. 198, 218 A.2d 191; Aquino v. Ind. Comm., 8 Ariz.App. 444, 447 P.2d 259; Kunce v. Junge Baking Co. (Mo.Ct.App.) 432 S.W. 2d 602; Nevada Ind. Comm. v. Holt, 83 Nev. 501, 434 P.2d 423.

· ■ The nature and purpose of Workmen's Compensation Law has been expressed innumerable times. Application of the Act to varied circumstances arising in activities resulting from employer-employee relationship often presents difficulty. Syllabus 4 in Folsom Auto Supply v. Bristow, Okl., 275 P.2d 706, states the applicable and controlling rule:

"An injury is received 'in the course of the employment' when it occurs while the workman is doing the duty which he is employed to perform. It 'arises out of the employment' when there is apparent to the rational mind upon consideration of all the circumstances a causal relation between the conditions under which the work is required to be performed and the resulting injury."

Also see City of Tulsa v. Morrison, Okl., 312 P.2d 886; Walk v. S. C. Orbach Co., Okl., 393 P.2d 847.

■■ Claimant was not acting in furtherance of her employment but upon a strictly personal mission. She was not placed in the situation from which injury resulted by any necessities of her employment. The Industrial Court correctly determined claimant's injury did not arise out of or in the course of her employment.

Order sustained.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.