In the Matter of the Death of James T. SMEDLEY.

SABER OIL COMPANY, Inc., et al., Petitioners,

v.

Patricia J. B. SMEDLEY and the State Industrial Court, Respondents.

No. 44872.

Supreme Court of Oklahoma.

March 7, 1972.

Rehearing Denied May 16, 1972.

James F. Fellingham, Oklahoma City, for petitioners.

Marx Childers, W. L. Steger, W. L. Steger, Jr., Oklahoma City, for respondents.

DAVISON, Vice Chief Justice.

There is involved here for review an award of the State Industrial Court allowing the widow and child of the deceased death benefits under the provisions of the Oklahoma Workmen's Compensation Act arising out of the death of the deceased in an airplane crash. Parties will be referred to as they appeared before the State Industrial Court. The widow, Patricia J. B. Smedley, as claimant. The petitioner, JaPa Petroleum Corporation, as respondent. The Hartford Accident & Indemnity Corporation as "Insurance carrier." The State Industrial Court as the "Trial Court."

The sole and decisive question here for review is whether or not the deceased at the time of the fatal crash was an employee of the respondent performing duties

for the respondent in the course of his employment.

We review the evidence.

Deceased on July 6, 1970, was president of the respondent corporation and two additional corporations, all owned by the same parties. All three corporations were engaged in various phases of the oil business. Respondent corporation was primarily engaged in the acquisition and development of oil properties. It negotiated loans for use in the conduct of its business.

Respondent maintained a business office in Oklahoma City, Oklahoma. Deceased lived in Oklahoma City, Oklahoma, with his wife, the claimant, and a son.

Early on the morning of July 6, 1970, the deceased was at his home. He advised his wife that he was going on a trip. He went to the office. His wife packed his luggage for delivery to the office by deceased's son. At the office the secretary of the deceased, at his request, prepared a check for $400.00. Deceased signed the check and endorsed it. The secretary cashed the check at the bank and delivered the money to the deceased. The deceased left the office about noon.

Deceased owned and piloted an airplane. During the year 1970 he used and operated the plane for his own personal pleasure and also in connection with the business of the respondent. After leaving his office on July 6, 1970, the deceased piloted the plane to the Bahama Islands arriving the same day.

Accompanying the deceased on the trip to the Bahamas were a business associate, who was a stockholder in respondent corporation, and two female passengers not connected with the respondent corporation in any capacity. The business associate had previously assisted the deceased in securing finances used in the business of the company.

The parties remained in the Bahamas until July 11, 1970. On the return trip the plane landed in Tulsa, Oklahoma, where one of the female passengers left the plane. Deceased did not leave the plane.

Deceased continued on his trip, flying towards Oklahoma City. The plane crashed near Chandler, Oklahoma, killing the deceased and his business associate.

At the time he left his office in Oklahoma City the deceased did not take with him any documents or other material relating to the business of respondent corporation. While in the Bahamas the deceased had several long distance telephone conversations with his secretary in Oklahoma City. It is not established that any of these calls had any relationship to the business of the respondent corporation. In one call the deceased requested his secretary to send him some money. The secretary drew a check on an account designated "James T. Smedley expense account" and wired the deceased $300.00.

The purpose of making the trip is related by one of the female passengers. She testified that the purpose of the trip was for pleasure and she was asked by the deceased to go "as his date for a pleasure trip to see the Bahamas;" that deceased spent his money gambling and for the entertainment of the parties who made the trip; that he did not use the money for the entertainment of anyone else; that deceased went broke while playing the gambling tables and called his secretary in Oklahoma City requesting her to send him some more money; that the deceased transacted no oil business while in the Bahamas on the trip.

Witness testified that deceased's secretary in telephone calls, and two personal conferences in Tulsa, attempted to influence her and get her to testify that the trip to the Bahamas was for business purposes, and not pleasure. She further testified that two other persons representing the claimant attempted to influence her and get her to testify that the trip was a business trip and not pleasure; that these persons did not question her solely to ascertain what her testimony would be but attempted to influence her.

It is axiomatic that for a compensation claim to be compensable the injury or

death must "arise out of" and "in the course of" the employment of the injured party or the deceased. Hegwood v. Pittman, Okl., 471 P.2d 888; Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163.

The burden was upon the claimant to establish by competent evidence that the death of the deceased was caused by an accident arising out of and in the course of his employment with the respondent. Jarvis v. Hopkins, Okl., 434 P.2d 208; Lane-Wells Company v. Brewer, Okl., 433 P.2d 959.

Where the injury or death occurs while the injured party is engaged in acts for his own pleasure and convenience the claim is not compensable. Hegwood v. Pittman, supra; Jarvis v. Hopkins, supra.

A careful review of the evidence establishes that there is no evidence either direct or circumstantial establishing that the deceased, while on the trip to the Bahamas, was engaged in any acts or business for the respondent but on the other hand the most convincing evidence establishes that the trip was made by the deceased for his own pleasure and benefit.

We have held that where there is a total lack of evidence to sustain the finding of the State Industrial Court that the injury or death of the employee arose out of and in the course of his employment, such finding will be set aside on review by this court and an award based thereon will be vacated. Williams v. Rippee, 208 Okl. 206, 254 P.2d 993. Where there is an entire absence of competent evidence to support a material finding of fact upon which an award by the State Industrial Court is based, the award will be vacated as a matter of law. City of Tulsa v. State Industrial Court, Okl., 424 P.2d 966.

Award vacated with directions to the State Industrial Court to dismiss the claim of the claimant.

WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.