**WILSON AND COMPANY, Own Risk, Petitioner,**

v.

**Ted WORLEY and State Industrial Court, Respondents.**

**No. 45252.**

Supreme Court of Oklahoma.

July 11, 1972.

A. T. Elder, Jr., Rinehart, Cooper & Stewart, Oklahoma City, for petitioner.

William H. Brogden, James F. Fellingham, Anderson, Bonham, Brogden & Fellingham, Oklahoma City, for respondents.

McINERNEY, Justice:

There is involved here for review an award of the State Industrial Court against Wilson & Company (employer) allowing Ted Worley (claimant) Workmen's Compensation Benefits under the provisions of the Oklahoma Workmen's Compensation Act, 85 O.S.1971.

The sole and decisive question presented here for review is whether the accident arose out of and in the course of the employment of the claimant.

The facts are not disputed and are not involved in this review. Claimant on June 2, 1971 was employed as a laborer by employer at its packing plant in Oklahoma City. Claimant reported for work and "clocked in" at employer's plant at 7:00 a. m. He was required to work until 3:30 p. m., with thirty minutes off for lunch. He was paid on a basis of eight hours work and was paid no compensation for the thirty minutes while he was eating lunch. At about 12:00 o'clock noon claimant was eating his lunch, which he had brought with him, in the locker room at the plant. He picked up a salt shaker and pounded it on a bench in an attempt to loosen the salt therein. The salt shaker shattered, and claimant cut his hand severely.

There were three methods whereby an employee of the respondent could secure food for his lunch. First, employer leased a portion of the premises to an independent third person who operated a cafeteria. Employees of Wilson & Company if they desired to do so might purchase food or eat in the cafeteria. Employer did not require or urge its employees to use the facilities of the cafeteria.

Second, employees if they wanted to were permitted to leave the premises and eat their lunch at any place they desired.

Third, employees might bring their own lunch to the plant. A majority of the employees brought their own lunch.

It was a custom of many employees bringing their own lunch to assemble in the locker room at noon for the purpose of eating lunch. The locker room was maintained by employer for the use of its employees in changing clothing and washing. The locker room was not equipped or designed for an eating place. Employer did not provide salt shakers, knives, forks or other eating equipment in the locker room.

█ In his brief claimant tacitly concedes that claimant was performing no services for employer at the time he broke the salt shaker and cut his hand. He argues that employer is liable for the injury he sustained while eating his lunch on the so called "indirect benefit theory," citing cases from other jurisdictions. The "indirect benefit theory" involves the principle that if an employee is not permitted proper eating facilities, rest periods, etc. the quality of his work deteriorates and he is likely to be a less efficient employee, therefore an employee who is temporarily away from his work on a mission of his own does not leave the course of his employment.

The trial court followed the "indirect benefit theory" in entering an award in favor of the claimant. The order states:

" * * * that at the time of the injury Claimant was eating lunch in a locker room provided by the Respondent during his one-half hour lunch period for which he was not paid wages; that the act of eating was for Claimant's own purpose and convenience however falls within the exception that it was necessary for his personal convenience and comfort while at work."

We decline to follow the "indirect benefit theory" in Hegwood v. Pittman, Okl., 471 P.2d 888 (1970), holding:

"Claimant argues employees who temporarily depart from the job for personal convenience do not leave the course of employment because accomplishment makes them better employees. This position rests upon what is denominated 'indirect benefit theory', since an employee's work would suffer if not permitted to go to the rest room, seek fresh air, eat, smoke, etc. and the employer

benefits from employees doing these acts. It is recognized this theory of employer responsibility is unsatisfactory because: (1) the presumed benefit may be stretched so thin as to become fiction; (2) the employee's activity cannot be held to benefit the employer under any stretch of imagination. Larson's Workmen's Compensation Law, Vol. 1, § 20.-10."

In Novak v. McAlister, Okl., 301 P.2d 234 (1956), claimant had left the premises of her employer on her own time to go to a cafe for lunch. Upon her return she slipped and fell on loose gravel "in the public street at a point directly in front of the building where she was employed." We held that "the claimant did not sustain an accidental injury arising out of a risk incidental to her employment" and sustained the order of the State Industrial Commission (now Court) denying the claimant compensation benefits.

In City of Tulsa v. Morrison, Okl., 312 P.2d 886 (1957), the claimant reported for work at a city garage. He pulled his time card. He then walked out of the door to go to a nearby restaurant to get a cup of coffee. He slipped on ice accumulated on the concrete as he was going out the door. We held that claimant was not injured in the course of his employment but while "on a personal mission of his own" and vacated the award of the State Industrial Court allowing him compensation benefits.

In Hegwood v. Pittman, supra, claimant was employed in the State Capitol Cafeteria operated in the State Capitol by the respondent. She reported for work and punched her time card. Another employee informed her that she had left her car lights burning. She left the cafeteria to check her car lights. She stumbled and fell as she was going through the West entrance door to the Capitol building sustaining injuries. We sustained an order of the State Industrial Court denying the claimant compensation benefits, stating:

"Claimant was not acting in furtherance of her employment but upon a strictly personal mission. She was not placed in the situation from which injury resulted by any necessities of her employment. The Industrial Court correctly determined claimant's injury did not arise out of or in the course of her employment."

■ While the facts in the three cases cited are not entirely identical with the facts presented here the cases are controlling and require a vacation of the award entered in the trial court. Claimant argues that the cases are not in point for the reason that the accident in each of the cases cited occurred off the premises of the respondent. This is not the correct test to be applied. It is a factor which may be considered in determining if the claimant was engaged in work for the employer at the time the accident occurred.

■ In the present case the accident occurred during the lunch hour while the claimant was eating. He was not performing any work arising out of or in the course of his employment as a laborer for the employer. His activities at the time of the accident were solely for his own benefit and pleasure. He was eating his lunch on his own time. He picked up a salt shaker, struck it on a bench breaking it and injuring his hand. He is not entitled to recover Workmen's Compensation benefits from his employer.

Award vacated.

All the Justices concur.