**Madaliour Ann OSBORNE, Petitioner,**

v.

**TUCKER NURSING HOME, State Insurance Fund, and Workers' Compensation Court, Respondents.**

**No. 57993.**

Court of Appeals of Oklahoma,
Division No. 2.

Nov. 2, 1982.

Rehearing Denied Nov. 24, 1982.

Certiorari Denied Jan. 25, 1983.

Released for Publication by Order of the Court of Appeals Jan. 28, 1983.

David P. Reid, Ash, Crews & Reid, Okmulgee, for petitioner.

Michael E. Utter, Oklahoma City, Jan Eric Cartwright, Atty. Gen., for respondents.

BRIGHTMIRE, Judge.

The issue here is whether the trial judge and the court en banc were correct in concluding that claimant was not acting within the course of her employment at the time she was injured in an automobile wreck. We hold they were not correct and reverse the court en banc order denying benefits to claimant.

I

The operative facts were that claimant, Madaliour A. Osborne, worked as a nurse's aide at the Tucker Nursing Home in Konawa, Oklahoma. The employees were given a paid 30 minute lunch period and had the

choice of bringing their lunch and eating it in the employees' lounge, eating in the nursing home cafeteria, or leaving the premises and eating lunch elsewhere. In the fullness of time many employees began to leave the premises and eat at various area fast food facilities. One day the acting administrator of the nursing home met with the employees and advised them that too many were going out for lunch and coming back late. To prevent this the official instructed them that thereafter one person would have to go out and get lunches for those who wanted away-from-the-home food.

The employees complied with the directive and each day one employee would go out and get the food ordered by the co-workers. Soon after returning with the food the procurer would join other employees and the 30 minute lunch hour would begin.

On October 31, 1981, Osborne was selected to fetch the food. On her way back to the work site with four lunches she had a wreck and injured her left knee, neck and head.

Her timely filed claim was heard September 29, 1981. The trial judge concluded as a matter of law that under the admitted circumstances "claimant's accident and injuries did not arise out of and while in the course of her employment," and therefore denied her claim.

The court en banc was beseeched to reverse the ruling but it declined. Osborne seeks review here on a single ground—that the legal conclusion of the trial judge and the court en banc is wrong.

## II

The narrow question is whether an injury occurring while an employee is performing a task away from company premises at the request or direction of the employer to further the latter's interests is covered by the Workers' Compensation Act.

We hold that it is. The key to solving this type of problem is to determine whether the fateful mission or task was solely for the employee's own benefit and interest or whether it was at least partly for the benefit or in the interest of the employer. If it is the former, a related injury is not covered.[1] If the latter there is coverage.[2]

Here claimant was engaged in a special mission, on company time, which was programmed and directed by the employer exclusively for its own benefit. Thus the mission was an extension of her employment contract within the meaning of the Workers' Compensation Act.

The order appealed is reversed and the claim is remanded for further proceedings.

BOYDSTON, P.J., concurs.

BACON, J., dissents.

1. *Wilson & Co. v. Worley,* Okl., 499 P.2d 438 (1972); *Hegwood v. Pittman,* Okl., 471 P.2d 888 (1970); *City of Tulsa v. Morrison,* Okl., 312 P.2d 886 (1957); *Novak v. McAlister,* Okl., 301 P.2d 234 (1956). These cases are cited by the employer.

2. *City of Bartlesville v. Inman,* Okl., 565 P.2d 363 (1977); *Solo Cup Co. v. Pate,* Okl., 528 P.2d 300 (1974); *Ince v. Chester Westfall Drilling Co.,* Okl., 346 P.2d 346 (1959); *Charles H. Stanford v. Gregory,* Okl., 303 P.2d 1112 (1956).