CITY OF BARTLESVILLE and the State Insurance Fund, Petitioners,

v.

Georgia Jean INMAN and the State Industrial Court, Respondents.

No. 49566.

Supreme Court of Oklahoma.

May 31, 1977.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for petitioners.

M. David Riggs, Benjamin P. Abney, Chapel, Wilkinson, Riggs & Abney, Tulsa, Larry Derryberry, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

The question for our present determination is whether claimant's decedent's injury from which he died on February 5, 1975, arose out of and in the course of his employment. We hold it did.

The decedent, Carl Lee Inman, was employed by the City of Bartlesville as a caretaker and policeman for Lake Hudson, owned by such City, where in season boating and duck-hunting were allowed. As part of his employment the deceased was required to live in an unfurnished house owned by the City located on the property. The deceased lived there with his family.

His duties consisted in part of opening and closing the one gate to the property each day, doing minor maintenance work, mowing and maintaining peace and quiet at the lake. He was required to remain on call twenty-four hours a day, seven days a week so as to be present in case his services should be required for performance of regular duties or in event of emergencies.

In the house on the lake property where decedent lived, City kept a telephone under the listing of the City of Bartlesville. Decedent had no separate telephone listing. It was considered between employer and employee that decedent paid $25.00 per month rent. The "rent" was added to the decedent's base salary then deducted out, not in the sense of his receiving and paying back the amount, but for accounting purposes so that the deceased's gross pay would reflect his total compensation, not just cash received, for income tax purposes.

On the date of the decedent's death the weather was cold. The thermostat in the home furnished decedent did not operate properly and therefore the furnace would not heat the home. The deceased's wife requested the decedent to come from his work outside the house to light a fire in the fireplace to warm the house. In the process of lighting the fire the decedent used diesel fuel which blew up and back on him inflicting second and third degree burns to 50% of his body and left hand and causing his death. The accident occurred around 1 to 1:30 o'clock on a Wednesday afternoon and his death occurred from a related cardiac arrest at 10:45 p.m. the same day.

Petitioners claim that the injuries did not "aris[e] out of and in the course of his employment," 85 O.S.1971 § 11, and that decedent was on a solely personal mission. Respondents urge that under the decisions of this Court the claimant should recover.

In Richey v. Commander Mills, Inc., Okl., 521 P.2d 805, 807 (1974) the garment factory employee left her machine during lunch break and went toward a dispenser to secure a bottled drink. She slipped on garment clippings on the floor and as a result injuries were sustained which were held to be compensable as "arising out of and in course of employment." In Richey, with reference to the issue of whether the injury arose out of and in course of employment, this Court discussed the applicability of the "indirect benefit" principle. We there said, "An employee's activity is work related if the employer's purposes are being carried out, or the employer's interests are being directly or indirectly advanced." Quoting from Archibald v. Ott, 77 W.Va. 448, 87 S.E. 791, L.R.A.1916D, 1013, we further said: "Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment."

The evidence was that some of the duties of the deceased were that he "maintain recreation areas and facilities" and "perform related work as required." Deceased was required to live on the lake premises. Heat would be necessary for him to do so. On the occasion in question, the thermostat failed to function, there was no heat and it was a cold day. The decedent chose a sim-

ple alternative to being cold; he decided to light the fireplace. The employer's interests were being protected for without heat no one could be expected to continue in the employment; a habitable home was part of the compensation. The decedent was protecting the interest of the employer, by maintaining the house in such a way as to not diminish his compensation. The decedent made a judgment to use a temporary heat source in this situation.

Besides the use of the house serving as part of decedent's compensation, probably more importantly to the City, the house provided the means by which City could have someone present on the premises, doing its maintenance work, protecting its property, and maintaining law and order twenty-four hours a day, seven days a week. A natural ingredient of this employment then would be maintaining the heat to a liveable standard for the decedent, who was *required* to live there at his employer's request.

No doubt heat in the house did provide "comfort" to the deceased, and possibly was "necessary to [his] life," in winter months, and under the "indirect benefit" principle the State Industrial Court well might have believed and found decedent's action of lighting a fire was work related.

In *Richey,* supra, this Court, after discussing the "indirect benefit" principle, stated the case was not however decided on this principle, but on the principle quoted in this Court's syllabus statement in *Novak v. McAlister,* Okl., 301 P.2d 234 (1956), "An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. The converse is of course, true. . . ."

In our present case, the evidence showed the accident in question occurred on the premises of the employer, during the normal working hours while decedent was performing duties necessary to keeping the house furnished him in a liveable condition so he could remain there and do the other work required of him.

This Court determines that the holding of the State Industrial Court in effect that the claimant meets the necessary requirements for compensation, both under the "indirect benefit" doctrine, and under the *Richey* case as a "risk reasonably incident to the employment," and that there is a "causal connection between the conditions under which the work is required to be performed and the resulting injury" should be sustained.

Award based upon determination by the trial tribunal that decedent's accidental personal injury arose out of and in the course of his employment sustained.

LAVENDER, V. C. J., and DAVISON, BARNES and DOOLIN, JJ., concur.

HODGES, C. J., and IRWIN, BERRY and SIMMS, JJ., dissent.