**OKLAHOMA CRUDE EXPLORATION,
an Oklahoma corporation,
Plaintiff-Appellant,**

**v.**

**DOW CHEMICAL COMPANY, a
Delaware corporation,
Defendant-Appellee.**

No. 85–2035.

United States Court of Appeals,
Tenth Circuit.

June 17, 1987.

Bob Behlen, Lampkin, McCaffrey & Tawwater, Oklahoma City, Okl. (Ben T. Lampkin on the briefs), for plaintiff-appellant.

James M. Chaney, Kirk & Chaney, Oklahoma City, Okl. (Mary Lou Strange with him on the brief), for defendant-appellee.

Before LOGAN, BARRETT and TIMBERS *, Circuit Judges.

TIMBERS, Circuit Judge.

Appellant Oklahoma Crude Exploration ("appellant") appeals from the damages portion of a judgment entered June 6, 1985 in the Western District of Oklahoma, Lee R. West, *District Judge*, which, after a jury trial, awarded appellant $22,881.80 in damages on its negligence claim against appellee Dow Chemical Company ("appellee").

In this diversity action, appellant claimed $91,527.18 representing the costs it incurred in repairing an oil well allegedly damaged by appellee. The court instructed the jury, with respect to the negligence aspect of the case, on Oklahoma's comparative negligence statute, Okla.Stat.Ann. tit. 23, §§ 13, 14 (West 1987), and submitted to it a verdict form on which to indicate findings as to liability, the percentage of negligence attributable to each party, and the amount of damages to be awarded to appellant. The jury found appellant and appellee each 50% negligent and, on the verdict form, "award[ed] damages in the amount of *$45,763.59.*"

In the judgment, the court awarded appellant only one half of $45,763.59 ($22,881.80). The court apparently believed that it was to perform the computation necessary to reflect the jury's finding on the percentage of negligence attributable to each party.

On appeal, appellant claims that the court erred in reducing the jury's award by one-half since the jury already had done so. We agree.

* Of the United States Court of Appeals for the Second Circuit, sitting by designation.

We hold that the jury instructions, the verdict form, and other factors, all make it clear that the jury itself performed the computation necessary to reflect its findings as to percentages of negligence. The district court erred by again reducing the amount of the jury's award.

We vacate and remand.

## I.

We summarize only those facts believed necessary to an understanding of the issues raised on appeal.

Appellant is an independent oil producer. Appellee is, among other things, an oil field service company. On June 16, 1983, pursuant to a contract between the parties, appellee attempted to perform a "squeeze" cementing job on appellant's oil well in Creek County, Oklahoma. The operation was unsuccessful, and the well accidentally was filled with 320 feet of cement. Appellant spent $91,527.18 over a 30 day period to drill out the cement.

Appellant commenced the instant action on July 12, 1984. In its amended complaint filed May 3, 1985, appellant asserted claims against appellee for negligence, breach of warranty, and breach of contract. Appellant sought $91,527.18 in damages. On May 7, 1985, appellee filed an answer to the amended complaint in which it counterclaimed against appellant for breach of contract.

The action was tried to a jury on the basis of the amended complaint and counterclaim on May 29–30, 1985. At the conclusion of appellant's case, the court directed a verdict for appellee on appellant's claim for breach of warranty. This left to be tried and subsequently submitted to the jury appellant's negligence and breach of contract claims, together with appellee's counterclaim.

At trial, appellee introduced evidence that appellant was at least partially responsible for the failure of the squeeze cement job. Appellee did not dispute that appellant had spent $91,527.18 in drilling out cement, but presented evidence that the work could have been completed in three days, and hence at 10% of the cost actually incurred by appellant.

With regard to comparative negligence, the court instructed the jury in relevant part as follows:

"If a preponderance of the evidence does not support the plaintiff's claim against the defendant, then your verdict must be for the defendant as to this claim of negligence. If, however, a preponderance of the evidence does support the plaintiff's claim, you are instructed to consider the defenses raised by the defendant.

The defendant contended first that the plaintiff was itself negligent and that such negligence was a direct cause of its own injuries. The defendant has the burden of proving this affirmative defense by a preponderance of the evidence and must establish

1. that the plaintiff was also negligent as that term has been defined and

2. that such negligence was a direct cause of its own injuries.

If you find that the defendant has proven this defense by a preponderance of the evidence, you are advised that this defense will not prevent recovery by the plaintiff under all circumstances; *it only reduces the amount of its recovery.* In other words, if you find that the injuries were due partly to the fault of the plaintiff, then the percentage of negligence attributed to the plaintiff will operate to reduce its damages by that amount unless its negligence is of a greater degree than the negligence of the defendant which in that case, the plaintiff will recover nothing under this claim." (emphasis added).

Appellant's claim of negligence and breach of contract, together with appellee's counterclaim, were submitted to the jury. The jury found for appellee on its counterclaim and awarded $3314.40. The jury also found for appellee on appellant's breach of contract claim and for appellant on its negligence claim. Below we set forth the relevant portions of the verdict form on appellant's negligence claim as it appeared after

the jury rendered its verdict. Marks made by the jury appear in bold print.

"....

2. Negligence Claim

Answer one of the following:

( ) We, the jury, find that plaintiff's damages were directly caused by defendant's negligence and thus find in favor of the plaintiff, Oklahoma Crude Exploration, and against the defendant, Dow Chemical Company.

( ) We, the jury, find that the plaintiff's damages did not directly result from any action on the part of the defendant and thus find in favor of the defendant, Dow Chemical Company, and against the plaintiff, Oklahoma Crude Exploration.

(x) We, the jury, find the damages sustained by the plaintiff were directly caused by the combined negligence of the plaintiff and the defendant.

(a) Oklahoma Crude Exploration's negligence **50%**

(b) Dow Chemical Company's negligence **50%**

(a and b must equal 100%) **100%**

3. Damages

Answer only if you have found in favor of the plaintiff on its breach of contract claim or on its negligence claim or both or, if plaintiff was contributorily negligent, if the percentage of plaintiff's negligence is equal to or of lesser percentage than the negligence of the defendant.

We, the jury, having found in favor of the plaintiff, Oklahoma Crude Exploration, on one or more of its claims and against the defendant, Dow Chemical Company, award damages in the amount of **$45,763.59**."

The judgment entered by the court on June 6, 1985 awarded appellant $22,881.80 on its negligence claim and awarded appellee $3314.40 on its counterclaim.

This appeal followed.

For the reasons set forth below, we vacate that part of the judgment which awarded appellant $22,881.80. We remand the case to the district court with instructions to enter an amended judgment providing $45,765.59 as the amount of damages awarded to appellant on its negligence claim.

## II.

Oklahoma's comparative negligence statute provides in relevant part:

"In all actions ... for negligence resulting in ... injury to property, contributory negligence shall not bar a recovery, unless any negligence of the [plain-

tiff] is of greater degree than any negligence of the [defendant]...."

Okla.Stat.Ann. tit. 23, § 13.

"Where such contributory negligence is shown on the part of the [plaintiff], the amount of the recovery shall be diminished in proportion to [the plaintiff's] contributory negligence."

*Id.* § 14.

Appellant claims that the jury itself calculated the diminution of *damages*—50% of $91,527.18 is $45,763.59—and therefore that the court erred in reducing the jury's *award*—$45,763.59—by another fifty percent to $22,881.80. Appellee argues that Oklahoma law requires the court, and not the jury, to calculate the diminution of damages and therefore that the court's action was proper.

Contrary to appellee's assertion, we have held that "[u]nder the Oklahoma comparative negligence law, the percentages can be applied by the jury under instructions to so make the computation; or, as an alternative method, the trial court can reserve the mathematical application of the percentages and apply them to the dollar figure arrived at by the jury." *Bond-Johnson Exploration v. Schlumberger Technology*, 580 F.2d 391, 392 (10th Cir.1978). In the instant case, the jury instructions quoted above did not state that the court would apply the percentages to the dollar figure arrived at by the jury. The absence of such a statement gave rise to a clear implication that the jury itself should perform the arithmetic. The verdict form confirmed that implication: rather than requiring the jury to find "the total amount of damages", *Gaither ex rel. Chalfin v. City of Tulsa*, 664 P.2d 1026, 1031 (Okla.1983), the verdict form provided a place for the jury to "*award* damages" (emphasis added). Thus, $45,763.59 represented the amount of damages awarded to appellant, not the total amount of damages it sustained.

The facts of the instant case are substantially similar to those of *Bond-Johnson, supra*, which was an appeal from a judgment in a negligence action to which Oklahoma law applied. There, the jury found

the plaintiff and defendant, respectively, 40% and 60% negligent. The jury filled in the verdict form to show $93,936.41 as "compensatory damages". 580 F.2d at 392. The trial court stated that " '[t]he verdict is vexatious because it is exactly 60% of the total damages designated by the Court as compensatory damages.' " *Id.* The trial court therefore refused to apply the comparative negligence percentages to the dollar figure entered by the jury. The defendant appealed. In affirming, we stated:

> "As to the application of the percentages, we must conclude that the jury, in the absence of specific instructions by the court as to whether it or the court was to do so, made the computation itself. As we have seen, under Oklahoma law this could have been done by the jury had it been instructed to do so. The case is unique and the conclusion can be reached as we have done because the costs, on which the damages were to be based, were stipulated. Thus it becomes apparent that the jury applied the percentages to the total of the two cost items submitted by the court—$156,-560.68—and computed the 60% at $93,-936.41. The arithmetic demonstrates clearly what the jury did. Since it could have done this when so instructed, we again see no error in permitting them to do so in the absence of any instructions as to who was to do it."

*Bond-Johnson, supra,* 580 F.2d at 393.

It is equally clear in the instant case that the jury made the computation itself. Although here there was no formal "stipulation" as to the amount of appellant's cost items, the absence of any dispute at trial over the amount of those costs was the functional equivalent of a stipulation. True, appellee introduced evidence that the repairs of the oil well could have been performed at 10% of the amount actually spent by appellant. Had the jury accepted that evidence, however, the dollar figure at which it arrived in all likelihood would not have been exactly 50% of the amount of appellant's costs. Here, as in *Bond-John-son,* "[t]he arithmetic demonstrates clearly what the jury did." 580 F.2d at 393. It simply would be untenable to conclude that

the jury arrived at the 50% figure solely by coincidence rather than by itself computing the arithmetic deduction necessary to reflect the percentages of negligence. In short, the instant case is a unique one in which the jury's intention is clear.

The case on which appellee places massive reliance does not compel a different result. Rather, it supports appellant's position.

In *Gaither, supra,* 664 P.2d 1026, a wrongful death action to which Oklahoma's comparative negligence law applied, the jury found the defendant 60% negligent and the plaintiff 40% negligent and returned a verdict of $262,000. The trial court failed to apportion the verdict based on the jury's assessment of the percentages of negligence, and the defendant appealed. The Supreme Court of Oklahoma held that the trial court should have apportioned the verdict. That Supreme Court observed that the jury had been given a verdict form which stated: "We find the *total* amount of damages sustained by the plaintiff, *disregarding the percentages of contributory negligence of the plaintiff and the negligence of the defendant,* is the sum of $___." 664 P.2d at 1031 (emphasis added). The verdict form in *Gaither* clearly prohibited the jury from apportioning the verdict itself. In the instant case, the verdict form required the jury to calculate appellant's "award". The result in *Gaither,* therefore, does not compel the result urged in the instant case by appellee.

The other cases relied on by appellee are similarly distinguishable, and equally unavailing. *Downum v. Muskogee Stockyards and Livestock Auction, Inc.,* 565 P.2d 363, 368 (Okla.1977) (verdict form asked jury to "find plaintiff received injury and suffered damages as a result of the incident in the sum of ___."); *Smith v. Gizzi,* 564 P.2d 1009, 1012 (Okla.1977) (verdict form asked for "total amount of damages ... disregarding the percentages of negligence"). Moreover, *Gaither* supports appellant's position in the instant case. The *Gaither* court stated:

> "Although a verdict returned by the jury in proper form cannot be challenged on its face, the court has inherent power to correct a manifestly irregular or de-

fective verdict to conform to the jury's intention, if the intention can be ascertained with certainty. We need not look beyond the jury's verdict to ascertain its intent. The verdict of $262,000.00 is not the equivalent of 60% of the total prayer ($737,743.44), which would be the case if the jury, in disregard of the instructions, had reduced the total sum by plaintiff's 40% share of fault."

*Gaither, supra,* 664 P.2d at 1032 (footnote omitted). Here, too, we need not look beyond the verdict to ascertain the jury's intent. The "award" of $45,763.59 *is* 50% of the total claim of $91,527.18. It therefore is clear that the jury, in compliance with the verdict form, itself reduced the total sum by appellant's 50% share of the fault.

We hold that the jury instructions, the verdict form, and other factors, all make it clear that the jury itself performed the computation necessary to reflect its findings as to percentages of negligence.[1] The district court erred in again reducing the amount of the jury's award. We vacate that part of the judgment which awarded appellant $22,881.80. We remand the case to the district court with instructions to enter an amended judgment providing $45,-765.59 as the amount of damages awarded to appellant on its negligence claim.

We reach the result described above because the unique facts of the instant case establish the jury's intention beyond doubt. We think that the entire situation might have been avoided by a request by either counsel for instructions that *clearly* informed the jury that either it or the court would perform the computation necessary to reflect the percentages of negligence.

As must be apparent, the problem that has arisen in the instant case is not uncommon. Since simple steps can be taken to avoid the problem, attorneys in future negligence actions based on Oklahoma law and involving comparative negligence should not depend on the serendipitous occurrence of unique facts to salvage their clients' interests.

### III.

To summarize:

We hold that the jury instructions, the verdict form, and other factors, all make it clear that the jury itself performed the computation necessary to reflect its findings as to percentages of negligence. The district court erred in again reducing the amount of the jury's award. We vacate that part of the judgment which awarded appellant $22,881.80. We remand the case to the district court with instructions to enter an amended judgment providing $45,-765.59 as the amount of damages awarded to appellant on its negligence claim.

VACATED and REMANDED.

1. Appellant claims that, even assuming that the district court's treatment of the verdict was proper, there was insufficient evidence to support an award of damages of only $22,527.80. In light of our holding on appellant's first claim, we need not examine its claim of insufficiency of the evidence.